## Miller *against* Hemler.

The release of a specialty debt by simple contract and without consideration, is void.

ERROR to the Common Pleas of *Adams* county.

Catharine Miller against Joseph E. Hemler, executor of Henry Hemler, deceased. This action was founded upon the joint and several sealed note of Peter Hemler, Henry Hemler and Nicholas Ginter, for the payment of $150 to the plaintiff. The defendant gave in evidence the following release:

"I do hereby release and quit claim of Nicholas Ginter on a

[Miller v. Hemler.]

note given by Peter Hemler and Henry Hemler and said Nicholas Ginter, for $150, as I consider said Peter and Henry Hemler quite sufficient security for the amount; as witness my hand June 22d 1840.

                                                      her
                                          " CATHARINE  ×  MILLER.
"Witness, ENGLE SCHMAL."      .              mark.

The following were the facts considered as a special verdict: Peter Hemler and Catharine Miller came to the house of the witness to the 'release, Schmal, with the release. Hemler had it. He asked whether witness wouldn't sign it as witness. He told him, he didn't like to do it. He said, " Why ?" Witness told him it might be damage to him or. the widow Miller, if he signed it. He said, " Why ?" Witness said, may be it would be her loss. Hemler said, he was able enough to pay her, and he would pay her honestly, but she would have to wait awhile. He said, witness should put his name down. He said, he didn't like to. Mrs Miller said, " Won't you do that much for me, to put your name to that release ?" Then witness signed it to please her; and she then said, she hoped it would be no injury to her. It was not read in presence of witness. Hemler said, in her presence, that it was a release to Ginter. Mrs Miller is about 70 years old. She said nothing about the mark. Witness couldn't say whether the mark was there; he didn't look at it. Peter Hemler took it and went away with it. Peter Hemler lives in Maryland, the other side of Emmettsburg, and did before the note was given. Henry Hemler and Ginter live in this county. He said, it was a release of this note. Neither Ginter nor Henry Hemler were present. Witness is brother of the plaintiff. Henry Hemler and Ginter were sureties in the note.

The court below were of opinion that the release of one of the sureties was a bar to the plaintiff's recovery against the other, and directed a judgment for the defendant.

*M'Clean*, for plaintiff in error. The release being without consideration and without seal, is absolutely void. But if it be considered a good release, it is but of one of two several obligors, which does not release the other. 3 *P. R.* 60.

*Cooper*, contra. A release is good without consideration or without seal; 1 *Serg. & Rawle* 408, 312 ; 1 *Rawle* 403; and if so, a release of one of two joint and several obligors discharges both. 5 *Bac. Ab.* 167, 702 ; 2 *Salk.* 574; *Chitt. on Con.* 296; *Co. Litt.* 232, *a*; 17 *Mass. Rep.* 584; 1 *Gilp.* 621. And this is so although it be stipulated that the other obligor shall not take advantage of it. 6 *Vez.* 146. Sureties have a right to stand on the letter of their contract. 9 *Wheat.* 608; 12 *Wend.* 126.

[Miller v. Hemler.]

**PER CURIAM.**—This release being by simple contract and without consideration, is void. It is not pretended that the obligee received value for it, or that the releasee was prejudiced by it; and it is entirely certain that an unsealed contract is as much unwritten as if it were oral. The judgment must, therefore, be for the plaintiff.

Judgment of the court below reversed, and judgment given here for the debt, interest and costs.