# Weller *versus* Weyand.

2g 103
159 572

1. A petition in the Orphans' Court, under the Act of 24th February, 1834, is the proceeding expressly provided for the purpose of enforcing the performance of contracts made by a decedent for the sale of real estate, where such person died seised or possessed thereof, without having made any sufficient provision for the performance of such contract.

2. Where a remedy is provided by statute, that remedy must be pursued, and the proceedings at common law are superseded.

3. A vendee, under articles of agreement, is not entitled to specific performance where the wife refuses to convey.

ERROR to the Court of Common Pleas of *Somerset county.* Ejectment for 100 acres of land in Jefferson township.

*Forward,* for plaintiff in error.

*Weyand,* defendant, referred to *Bitting's Appeal,* 17 P. S. R. 216; *Carr* v. *Wallace,* 7 Watts, 100; *Epley* v. *Witherow,* Id. 163; *Chew* v. *Barnett,* 11 S. & R. 392; *Kerr* v. *Day,* 2 Har. 114.

The opinion of the court, containing a sufficient statement of facts, was delivered December 16, 1853, by

LEWIS, J.—The contract entered into by the executors of Michael Hay, for the sale of the farm received from John Hay, did not, in any manner, affect the title of the latter to the land in dispute. The subsequent rescission of that contract, and the restitution to the purchaser of the money received, on the ground that they were unable to make title, was equally immaterial to the present issue. The 1st and 2d assignments of error are, therefore, sustained; but the third calls for our examination into the nature of the plaintiff's title, from which it will appear that he has sustained no injury by the errors complained of, because he was not entitled to recover in any aspect of the case.

The land in dispute was the property of Michael Hay, in 1840, and in that year he delivered the possession to John Hay, in exchange for another tract, the possession of which was, at the same time, delivered by John to Michael. The farm which John received, was considered worth $600 more than the other, one half of which sum was allowed by Michael, the father, to his son John, as an advancement, and the remaining $300, John was to pay to Michael. The father died in the fall of that year, and on the 1st Sept. 1847, on the petition of John Hay, setting forth the contract in respect to the two farms, and alleging

[Weller *v.* Weyand.]

performance on his part, (which was fully admitted on the record by the other executor of Michael Hay, and the widow and heirs of the said decedent,) the Orphans' Court made a decree for the specific performance of the contract. In that decree, mutual conveyances were directed to be made; but the conveyance of the land in dispute was to be made to John Hay, by John Witt, one of the executors of Michael Hay, "*on the execution and tender of a deed by said John Hay* to his co-executor, in trust for the widow and heirs of Michael Hay, and paying, or satisfying his co-executor of the payment of, the $600 in the said petition mentioned." In the view we take of the case, it is not material whether this decree be final or interlocutory. It is the appropriate course of proceeding expressly provided by the Act of 24th February, 1834, for the purpose of enforcing performance of contracts made by decedents for the sale of real estate, where such persons "die seised or possessed thereof, without having made any sufficient provision for the performance of such contracts."

Under the Act of 1836, it is our duty to declare, that where a remedy is provided by statute, that remedy must be pursued, and the proceeding at common law is superseded. The principle operates with much greater force, when the statute remedy is substituted for the inconvenient practice introduced by the courts, of administering equity in common law forms, to prevent a failure of justice.

If this ejectment was brought to compel specific performance of the contract, it cannot be sustained, because the legislative power has prescribed a different remedy in another forum; and because that forum, by consent of all the parties, had jurisdiction of the case long before this ejectment was commenced. It is worthy of remark, that by the decree already made, with the assent of all the parties, John Hay was not required to procure the signature of his wife, to the conveyance of the Hick farm. Such a decree would have been improper, if she was unwilling to convey.

A vendee, under articles of agreement, is not entitled to specific performance, where the wife refuses to convey. A chancellor will not order a defendant to perform impossibilities. Hence, a vendor will not be forced to procure either his own wife, or a stranger, to join in a conveyance. *Clark* v. *Sevier*, 7 Watts, 107; *Fisher* v. *Worrall*, 5 W. & S. 486. On this ground also, the plaintiff must fail to recover, if his object be the specific performance of the contract.

His right to recover must therefore depend upon his legal estate. Having voluntarily parted with the possession, upon a contract, under which he has received the possession of another farm, and has also received the sum of $300, in an advancement

to his son, with, perhaps the additional sum of $300 in money. Michael Hay, if living, could not recover, at law, upon his legal estate, without a rescission of the contract, under which the parties respectively entered into possession. An ejectment is essentially an action of trespass.

There can be no trespass in holding possession under a subsisting contract with the owner. If the son had agreed to procure the signature of his wife, and failed to do so, the father might elect to treat the contract as rescinded, and if he retained control over the consideration received, this institution of an ejectment might, perhaps, be regarded as an election to rescind, so as to enable the jury to do equity by means of a conditional verdict.

But in this case, the Flick farm, received from John Hay, is still in possession of Michael Hay's heirs; also the legal estate of Michael Hay in the Fulling Mill Farm, has passed by judicial sale to the plaintiff. Thus the consideration received, and the legal estate which was to be conveyed, have been separated; so that neither Michael Hay's heirs, who hold the consideration, nor John Weller, who holds the legal title to the land in dispute, can, without the consent of each other, restore John Hay to the condition in which he stood before the contract. The result is, that the right of rescission is lost. Daniel Weyand, as the purchaser of John Hay's interest in the Fulling Mill Farm, has a right to the benefit of all payments which have been made by John Hay, on the contract; if the contract be carried into execution, they go to the credit of Weyand, and he is only bound to pay the vendee; if it be rescinded, he has a right to insist on the restitution of the consideration to himself.

A rescission of the contract is out of the question. A specific performance which looks to the coercion of Weyand, to procure a deed from John Hay's wife, is equally so. All that remains is, to execute it so far as the contracting parties had title to convey, and to substitute compensation for the interests which they did not possess, and cannot control. John Hay's wife was one of six heirs, and when her husband took the Flick farm at the appraisement, one-sixth of it remained the estate of his wife, as it was at the death of her father, and the remaining five-sixths became the property of the husband. *Kean* v. *Ridgeway*, 16 S. & R. 60; *Hoffer* v. *Wightman*, 5 W. 205. It matters not that the wife's share of her father's "whole estate" amounted to more than the value of the farm, nor is it material that the husband paid to the other heirs of Flick, their distributive shares of the value, out of the money received in right of his wife, from her father's estate. These circumstances will not give her any greater interest in the farm, than she had at the death of her father. *Benedict* v. *Montgomery*, 7 W. & S. 238. If the par-

[Weller *v.* Weyand.]

ties in interest should renew the proceedings in the Orphans' Court, and should satisfy the judges that the wife's interest in the Flick farm was to be conveyed to Michael Hay, it will be in the power of that court to enquire into the nature and extent of that interest, and into all the equities affecting the case. From the evidence at present presented, it would seem that she is entitled to one-sixth of the fee simple, subject to her husband's estate for life, and that if she continues the wife of John Hay until his death, and survives him, she will be entitled to dower in the residue. The first is vested, but the other is contingent, and she cannot come into possession of either during the life-time of her husband. The nature of these interests can be ascertained by a reference to auditors, and a final decree can be made according to the justice of the case. But the interlocutory decree, directing a conveyance from John Hay alone, without requiring him to procure the signature of his wife, ought not to be opened, after this distance of time, and the change of circumstances which have taken place, without the clearest evidence that the justice of the case requires it. When the decree was made, it was satisfactory to the parties, and they have acquiesced in it so long that, if it were a final decree, a bill of review would be barred by the statute. This decree was in full force, and had been acquiesced in for two years, before Daniel Weyand purchased the interest of John Hay; and now that the latter, by reason of his insolvency, has no longer any interest in asserting his rights, nor any motive for procuring the signature of his wife to the conveyance, we can readily perceive an element in the case which did not exist before. The change in the condition of the original parties to the contract, demands from the court the greatest scrutiny and care, in order that the rights of third persons may not be thereby prejudiced. But whatever may be the final decree, in the proceeding in the Orphans' Court for specific performance, it is clear that, under the peculiar circumstances of the case, the plaintiff is not entitled to recover in the present form of action. The judgment is therefore to be affirmed.

                                        Judgment affirmed.