## Jayne *versus* Mickey.

1. A merchant furnished to another goods " to be sold on agency and to be accounted for at the annexed net wholesale prices." *Held*, that this was within the clause of the Limitation Act of 1713, excepting " such accounts as concern the trade of merchandise between merchant and merchant, their factors or servants."

2. The consignee was factor of the consignor, and the statute did not begin to run till he had settled an account of his agency, or at least till a demand for an account had been made.

3. Zacharias *v.* Zacharias, 11 Harris 455, remarked on.

May 13th 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Perry county.*

This was an action of assumpsit between D. Jayne & Son, plaintiffs, and David Mickey, defendant, in which the following facts, in the nature of a special verdict, were agreed upon by the parties :—

" The plaintiffs, D. Jayne & Son, are the proprietors of Jayne's Family Medicines, &c., residing in Philadelphia, and are in the habit of consigning their medicines to country storekeepers to sell for them on commission, the latter only accounting to them for such goods as they may dispose of at the wholesale rates furnished to them, and being allowed the difference between the prices thus fixed and the retail prices for their services.

" In 1856, December 11th, the plaintiffs furnished defendant a bill of goods, as per account and receipt hereto annexed and made a part of this case, amounting to the sum of $44. The defendant was then merchandising at Shermansdale, in Perry county. The defendant never rendered to the plaintiffs any account or return

[Jayne v. Mickey.]

of the said goods, but when he subsequently sold out his store in 1857, the medicines that remained on hand he boxed up and left at the stand, and has not seen them since, and does not know where they now are.

" Suit was brought on this bill before a justice on the 23d of January 1865, and removed by appeal into court where it is now pending.

" The defendant pleads that the plaintiffs are barred by the Statute of Limitations.

" Plaintiffs deny that the said statute affects this claim, as the goods were delivered on commission, and as the defendant has never rendered an account of them.

" If the court should be of the opinion that the plaintiffs are entitled to recover, then judgment to be entered in their favor for the amount of said bill, with interest from 23d of January 1865; otherwise, for defendant."

Copy of Mickey's receipt:—

" Received January 16th 1857, from Dr. D. Jayne & Son, the following medicines, to be sold on agency, and to be accounted for at the annexed *net wholesale prices (from which no deductions are allowed—the difference between the net wholesale and the retail prices* being the *commission* or profit for selling)," viz. (Bill of goods attached.)

The court (Graham, P. J.) entered judgment for the defendant; which the plaintiffs assigned for error.

*C. J. T. McIntire*, for plaintiff in error, cited Act of March 27th 1713, § 1, Purd. 655, pl. 6, 1 Sm. L. 76; Mandeville *v.* Wilson, 5 Cranch 18; Marseilles *v.* Kenton, 1 Phila. R. 181; Stiles *v.* Donaldson, 2 Yeates 105; Bevan *v.* Cullen, 7 Barr 281; Hursh *v.* North, 4 Wright 241.

The opinion of the court was delivered, May 21st 1867, by

WOODWARD, C. J.—In December 1856 Dr. Jayne & Son, who were druggists in the city of Philadelphia, furnished the defendant, a merchant in Perry county, an invoice of medicines amounting to $44, and took his receipt therefor, in which it was stipulated that the medicines were to be sold on agency, and accounted for at the annexed net wholesale prices; and then followed, as part of the receipt, a schedule of the medicines and prices. The defendant never rendered any account of the goods, and never returned them; but when he sold out his store in 1857 he boxed up what remained on hand and left them in the store.

This action was brought before a justice of the peace on the 23d January 1865, and on appeal the Statute of Limitations was pleaded. As more than six years had elapsed from the receipt of the goods to the institution of suit, and no acknowledgment of

[Jayne *v.* Mickey.]

indebtedness was proved, the only question is whether the case falls within the exception mentioned in the Act of 27th March 1713, Purd. 655, limiting personal actions " other than such accounts as concern the trade of merchandise between merchant and merchant, their factors or servants."

The learned judge treated the case as subject to the statute, upon the authority of Zacharias *v.* Zacharias, 11 Harris 455, but it seems to us to fall within the very terms of the exceptive clause of the statute.

If the parties are not to be regarded as merchants having mutual dealings and an open account, the evidence does clearly fix the defendant as a factor of the plaintiffs (agent is the generic term used in the receipt), and in that character the statute would not begin to run in his favor until he had settled an account of his agency, or at least until a demand for an account had been made.

Neither an account nor a demand is alleged ; then he has no right to set up the statute against his principal : Stiles *v.* Donaldson, 2 Grant 105 ; Manderville *v.* Wilson, 5 Cranch 15 ; and see the subject fully discussed in Judge Kennedy's dissenting opinion in Thompson *v.* Hopper, 1 W. & S. 468.

The case upon which the learned judge below placed his ruling was not a case of merchants or their factors, but of trust, which, because enforceable by action at law, was held to be subject to ordinary legal defences.

The judgment is reversed, and judgment is now entered upon the case stated for the plaintiffs below for the sum of $44, with interest from the 23d of January 1865.