## UNION B. & L. ASS'N v. F. W. HULL.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 21, 1890—Decided June 2, 1890.

In an action against a surety upon a joint and several bond, under seal, conditioned to secure a mortgagee against loss by reason of prior mechanics' liens, it is no defence that the bond was subsequent, in date of execution and delivery, to the loan of the money to the principal and the execution of the mortgage given to secure the loan.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and McCOLLUM, JJ.

No. 312 January Term 1890, Sup. Ct.; court below, No. 64 October Term 1889, C. P.

On October 5, 1889, the Union Building and Loan Association brought assumpsit against F. W. Hull, filing a statement of claim averring breaches of a joint and several bond under seal for $500, dated October 11, 1883, executed and delivered

Arguments.

by Henry W. Wenger and the defendant, and conditioned to secure the plaintiff against loss by reason of prior mechanics' liens upon certain premises mortgaged by said Wenger to the plaintiff.

On October 18, 1889, the defendant filed an affidavit of defence, in which he averred, in substance, that the bond in suit, though executed by him, was without consideration from the plaintiff to the defendant; that the moneys lent upon the mortgage of the premises described in the bond, by said plaintiff to said Wenger, had been lent and the mortgage executed and delivered before the execution of the bond by Wenger and the defendant; that no money was advanced by the plaintiff to the said Wenger or to the defendant because of or by reason of the execution and delivery of said bond, nor did the said plaintiff undertake, covenant, promise, or agree with the defendant, or with any one else, to do or not to do anything in consideration of the execution of said bond by the defendant; that since the execution of the bond the said Wenger had died, and his administratrix had filed her account showing a balance in favor of the estate of $1,050.57, more than enough to pay off all the mechanics' liens against the property referred to in the bond, together with all costs and charges thereon, and said balance was part of the proceeds of the sale of the property against which said mechanics' liens were filed.

The plaintiff took a rule for judgment assigning that the affidavit of defence was deficient, inter alia, in that it did not aver that the balance in the hands of the administratrix of Henry W. Wenger, deceased, was sufficient to pay both the mechanics' liens and the plaintiff's mortgage. After argument of said rule, the court, PATTERSON, J., directed judgment to be entered for the plaintiff for $505.10, afterwards reduced, upon agreement of the parties as to amount, to $358.78. Thereupon, the defendant took this appeal, assigning the order directing judgment to be entered for the plaintiff for want of a sufficient affidavit of defence, for error.

*Mr. John E. Malone* (with him *Mr. J. L. Steinmetz*), for the appellant.

Counsel cited: 1 Parsons on Cont., 496; Endlich on Aff. of Def., § 627.

Opinion of the Court.

*Mr. John E. Snyder*, for the appellee, was not heard.

In the brief filed, counsel cited: (1) 1 Parsons on Cont., 428; DeColyar on Guar., *18, *19; Grubb v. Willis, 11 S. & R. 107; Burkholder v. Plank, 69 Pa. 225; Yard v. Patton, 13 Pa. 278; Fulton v. Hood, 34 Pa. 365. (2) Marsh v. Marshall, 53 Pa. 396; Kaufman v. Iron Mining Co., 105 Pa. 537; Mathews v. Sharp, 99 Pa. 560; Bardsley v. Delp, 88 Pa. 420; Peck v. Jones, 70 Pa. 83.

PER CURIAM:

We think the affidavit was insufficient to prevent judgment. The association plaintiff had loaned one Henry W. Wenger certain moneys secured by mortgage upon the real estate of said Wenger. At the time of said loan the premises in question were liable to mechanics' liens, the six months not having expired; and, to protect the association from this risk, Wenger gave it the bond in suit, with the appellant as security. He sets up in his affidavit (*a*) want of consideration; and (*b*) that the money was advanced by the plaintiff to Wenger prior to the execution and delivery of the bond of indemnity on which suit is brought. The bond is under seal, and imports consideration. That it was subsequent in point of date to the loan and the mortgage is immaterial. The plaintiff had a right to take, and Wenger to give, additional security; the appellant had a right to put himself in the breach as a surety. He has done so, and has no cause to complain that he is now called upon to make his engagement good.

Judgment affirmed.