## Hosler, Appellant, *v.* Hursh et al.

[Marked to be reported.]

*Reserved point—Verdict for defendant—Judgment—Practice.*

On verdict for defendant no question of law can properly be reserved, for no judgment can be entered for plaintiff non obstante veredicto in case of a decision in his favor. A judgment entered for plaintiff upon a point reserved after verdict for defendant will, therefore, be reversed. In this case there was a verdict for both defendants, the court reserving a question of law upon which judgment was entered subsequently in favor of plaintiff as to one of the defendants and in favor of defendant as to the other; for this reason the judgment was reversed.

*Accord and satisfaction—Executory agreement—Performance.*

An accord and satisfaction is the substitution of a new agreement in place of the old and performance of the new agreement; together they are a complete defence to an action on the original agreement. Tender of performance cannot take the place of satisfaction unless accepted. A mere agreement or accord on a new consideration is not enough, the accord must be executed. If the accord itself is accepted as satisfaction, and is founded on a new consideration, that will be sufficient. But there is a distinction between an agreement to accept a promise in satisfaction and an agreement requiring performance of the promise.

Defendant agreed in writing to pay a sum in cash and a sum in securities to be satisfactory to the plaintiff, " the above in lieu of two notes " upon which plaintiff had brought suit: *Held*, that " the above " in this agreement referred not to the promise but to the money and securities, and therefore the agreement was executory and contemplated the performance of the promise. A tender of performance, although made promptly and in good faith, was not satisfaction.

*Consideration—What is sufficient for an accord.*

Where the agreement was under seal to give plaintiff in place of promissory notes of over $7,000 face value, $3,000 in cash and $4,000 in securities, and to pay attorney's fees in the suit on the notes, there was sufficient consideration, in addition to the seal, to support the agreement.

Argued April 25, 1892. Appeal, No. 39, Jan. T., 1892, by plaintiff, Joseph Hosler, from judgment of C. P. Cumberland Co., May T., 1889, No. 529, on verdict for defendants as to one of the defendants, J. B. Hursh, and as to the other defendant, John Hursh, for plaintiff non obstante veredicto. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit on two promissory notes, dated April 1, 1886, at

one year, one for $6,000, the other for $1,341.62. Plea, non-assumpsit.

At the trial before SADLER, P. J., defendants offered to prove by James H. Woodburn the execution of the following agreement:

"April 24, 1889.

"We, the undersigned, agree to the following: That J. B. Hursh pays to Joseph Hosler 15 days after this date $3,000 cash and $4,000 in securities, at 5 per cent., one year after date, and to be satisfactory to the said Joseph Hosler. The above is in lieu of two notes held by Joseph Hosler against John Hursh, maker, and J. B. Hursh, surety, and one note of J. & J. B. Hursh. The said Hursh to pay all my attorney fees in this case.

"Witness our hands and seals the day above written.

"J. B. HURSH.    [SEAL]
"JOSEPH HOSLER.    [SEAL]

"Witness, JAMES H. WOODBURN.

"The $5 paid this 24th of April, 1889, to be a credit on the $3,000 when paid."

To be followed by proof that the notes sued upon in this case are two notes referred to in said agreement as held by Joseph Hosler against John Hursh, maker, and Joseph B. Hursh, as surety. And further proposed to prove by the witness that on the fifteenth day after the execution of this agreement, namely: On May 9, 1889, he and Jacob Weist called upon Joseph Hosler as the agents of J. B. Hursh, made him a tender of $3,000 United States legal tender currency and a negotiable promissory note, dated April 24, 1889, for $4,000, payable one year after date, with interest from date, at five per cent, drawn by Daniel Schepp to the order of J. B. Hursh and John Graham, indorsed in blank, and plaintiff made no objection to the money or to the note as security satisfactory to him but declined to receive them or either of them. And further proposed to prove by the witness that prior to the date of the tender Joseph Hosler had stated to J. B. Hursh, and agreed with him in the presence of the witness, that a note such as that that was tendered was entirely satisfactory to him, and that it was such a note as he contemplated at the time he signed the agreement, as the securities, which were to be satis-

factory to him, and that he would accept such a note in compliance with that portion of the terms of the agreement.

To be followed by proof that plaintiff was fearful at the time of the execution of this agreement that he would not be able to collect the money on his notes. That he had made efforts to dispose of said notes at a very considerable reduction from their face. That he was anxious to secure part payment on said notes in cash and to get the obligation of a third party for the residue or a part thereof, and that in order to secure some cash and get the obligation of a third party for a portion of the balance he offered to make this agreement.

To be followed by proof that on April 25, 1889, J. B. Hursh went to see John Hays, Esq., who was attorney for Joseph Hosler in the case, and showed him the agreement between plaintiff and Joseph B. Hursh and asked him, Mr. Hays, to state the amount of his fees, so that he, Joseph B. Hursh, might pay the same ; that Mr. Hays refused to state the amount of his fees and that deponent therefore did not pay him the same.

The purpose of this offer being to prove a releasing of this defendant from any liability on the notes sued upon and at the time of the execution of said agreement or at the time of said tender they ceased to be valid obligations against this defendant.

Objected to : (1) That the agreement was subsequent to the bringing of the suit in this case, suit having been brought on the 11th day of April, 1889, and that the agreement would not be good by way of accord and satisfaction therefor to defeat plaintiff's right to recover. (2) It is an executory agreement, and to take a less amount in settlement of a larger debt then due, and is therefore not valid or binding. (3) The offer does not propose to prove that the contract was executed by the acceptance of the money and securities. (4) The offer does not propose to keep up the tender of the money or the security, and the defence therefore is not a good one. (5) The offer is irrelevant and inadmissible. (6) That there has been no offer made of the amount tendered in court and that the evidence is inadmissible under the pleadings.

The Court : This is what I think about the offer. That portion of it, to wit : that plaintiff was fearful at the time of the

execution of the agreement that he would not be able to get the money on his notes, that he had made efforts to dispose of said notes at a very considerable reduction from their face, that he was anxious to secure part payment on said notes in cash and to get the obligations of a third party for the residue or a part there-of, and that in order to secure some cash and get the obligations of a third party for a portion of the balance he offered to make an agreement—is rejected; to which defendants except and bill sealed. As to the remainder of the offer we think it can be admitted and the questions involved in the case can by means of a special finding of facts be in such a shape as will give opportunity for their careful consideration and at the same time the rights of both parties to the issue be fully protected. This I deem better than to follow an inclination I have at present to sustain the objections made on behalf of plaintiff. The remainder of the offer is therefore admitted for the present; to which plaintiff excepts and bill sealed. [1]

The court charged, in part, as follows:

" Since the liability of J. B. Hursh to Joseph Hosler, the plaintiff, amounted to $8,486.52, with interest from April 1, 1889, at the rate of six per cent on $3,000 thereof, and at the rate of five per cent on the balance, which sum exceeded the amount which Hursh stipulated to pay under the agreement of April 24, 1889, and as no tender was made, at the trial, of the cash or note stipulated by the agreement to be delivered to Hosler, we reserve as a question of law whether, notwithstanding any finding by the jury, the plaintiff is not entitled to recover in this action from the defendants the sum of $8,046.30."

Plaintiff's points were, among others, as follows:

" 1. The court is respectfully requested to withdraw from the jury all the evidence for the defendant, J. B. Hursh, under the offer admitting in evidence the agreement of April 24, 1889, for the reason that the evidence given under that offer does not constitute a good defence to the plaintiff's claim in this case." Refused. [2]

" 5. The tender of the $3,000 and the note of $4,000 to Joseph Hosler, on May 9, 1889, was not an execution of the terms of the agreement of April 24, 1889, because the tender of the same has not been kept up, and it is therefore no defence to this action." Refused. [3]

" 6. The refusal of the money and note tendered May 9, 1889, to Joseph Hosler was not an unconditional and unqualified refusal, but was conditioned and qualified, and such refusal does not render the agreement of April 24, 1889, an executed agreement binding upon the parties, and constitutes no defence to this action. *Answer :* What the facts are you will find. We decline, therefore, to instruct you as requested." [4]

" 7. The agreement of April 24, 1889, being an executory agreement which has never been executed by delivery to and acceptance by Joseph Hosler of the money and security specified in the agreement, the verdict of the jury must be for the plaintiff for the amount of the notes in suit with interest. *Answer :* Refused as stated." [5]

Verdict for defendants. On motion the court entered judgment non obstante veredicto against John Hursh for $8,046.30, with interest from Nov. 25, 1890 ; but as to J. B. Hursh the court entered judgment on the verdict, in an opinion in part as follows :

[" The action in this case was not on the agreement of 24th April, 1889. It was not required of the defendant to make tender at the time of trial. Besides, if this is one of the class of cases where a tender is required to be repeated at the trial in order to enable a defendant to avail himself of the benefit sought to be reaped thereby, the conduct of the plaintiff has dispensed with the necessity thereof. He refused the tender of the note and cash when tendered to him on part of J. B. Hursh, and repudiated the agreement, and we cannot hold that it was incumbent upon him to keep it up on the trial. The case of Reay v. White, 1 C. & M. 748, is quite analogous in principle, and we think controlling. See also Jones v. Barkley, 2 Doug. 684. We are of the opinion therefore that under the question reserved the plaintiff is not entitled to judgment against J. B. Hursh.] [6]   But as to John Hursh there has been no defence, and judgment should be entered against him. He was not a party to the agreement of April 24, 1889."

*Errors assigned* were (1) admission of evidence, quoting the bill of exception as above, but not the evidence ; (2–5) instructions, quoting them ; (6) portion of opinion in brackets, quoting it ; and (7) in not directing judgment for plaintiff on reserved point.

*John Hays, J. Webster Henderson* with him, for appellants.—
An executory agreement to take less than sum sued for is
no defence: Mechanics' Bank v. Huston, 11 W. N. 389; Sav-
age v. Everman, 70 Pa. 315; Hearn v. Kiehl, 38 Pa. 147–9.
Nor is a tender of performance conditionally declined equiva-
lent to full performance. A tender of performance must be
kept up: Reay v. White, 1 C. & M. 748; Jones v. Berkley,
2 Doug. 648; Hearn v. Kiehl, supra; Blackburn v. Ormsby,
41 Pa. 97; Kerr v. O'Conner, 63 Pa. 341; Cornell v. Green,
10 S. & R. 14; Wheeler v. Woodward, 66 Pa. 158; Savage v.
Everman, 70 Pa. 315; Pennypacker v. Umberger, 22 Pa. 492.
Nothing short of acceptance of the money and note or its legal
equivalent, would discharge the defendant: Summerson v.
Hicks, 134 Pa. 566.

*E. W. Biddle, Wm. Trickett* with him, for appellee.—The
agreement being under seal was for valuable consideration and
followed by a tender was a good defence to the notes: Yard
v. Patton, 13 Pa. 284; Candor & Henderson's Ap., 27 Pa. 120;
Kidder v. Kidder, 33 Pa. 269: Schmerz v. Schreeve, 62 Pa.
451; Burkholder v. Plank, 69 Pa. 225; Union B. & L. Ass'n
v. Hull, 135 Pa. 565. Want of consideration is no defence to
a specialty : 1 Sm. L. C. 749. The agreement to pay counsel
fees was also valuable consideration: Wh. Cont. §§ 516, 517,
523. The cases of Hearn v. Kiehl, Savage v. Everman and
Bank v. Huston, cited by appellant, do not conflict with this.
The tender of performance was unconditionally declined. It
was not necessary to keep it up.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

There was a verdict in favor of both defendants, in this case,
subject to the opinion of the court on the following question
of law reserved: " Whether, notwithstanding any finding of
the jury, the plaintiff is not entitled to recover, in this action,
from the defendants the sum of $8,046.30?" That question
was afterwards disposed of by entering judgment on the ver-
dict in favor of the defendant J. B. Hursh, and judgment non
obstante veredicto in favor of plaintiff against John Hursh, the
other defendant, for the sum above named with interest. Ac-
cording to the ruling of this court in Robinson v. Myers, 67
Pa. 9, and Bank v. McCoy, 69 Pa. 204, 210, that was error for

which the judgment must be reversed and a new trial ordered. In the last cited case, a verdict for defendant was rendered subject to the question of law reserved: "Whether upon all the facts . . . . . the plaintiff is not entitled to recover?" Judgment, on the verdict for defendant, was afterwards entered on the reserved point; and, on writ of error, taken by plaintiff, that judgment was reversed. Speaking for this court, the late Mr. Justice WILLIAMS said: "Where a verdict is for the defendant, no question of law can be properly reserved, for no judgment can be entered in favor of the plaintiff non obstante veredicto, in case of a decision in his favor. . . . We must therefore reverse the judgment and remit the record to the court below for a new trial."

On the merits of the case, the contention of the defendant, J. B. Hursh, was that, on April 24, 1889, eleven days after this suit on the two notes was brought, he and the plaintiff entered into an agreement under seal, as follows:

" We, the undersigned, agree as follows: That J. B. Hursh pays to Joseph Hostler fifteen days after this date, $3,000, in cash, and $4,000 in securities at 5 per cent, one year after date, and to be satisfactory to said Joseph Hosler. The above is in lieu of two notes held by Joseph Hosler against John Hursh, maker, and J. B. Hursh as surety, and one note of J. & J. B. Hursh. The said Hursh to pay all my attorneys' fees in this case. Witness our hands and seals the day above written."

" Witness,                    J. B. HURSH.      (Seal)
" JAMES H. WOODBURN.          JOSEPH HOSTLER. (Seal) "

The " two notes " above mentioned are those in suit. The other is for $1,145 at one year from April 1, 1889. The aggregate face value of the three notes is $8,486.62.

Testimony, tending to prove facts alleged in the offers recited in the first specification, was introduced by defendants. Without referring to the evidence in detail, it is sufficient to say it tended to prove that $3,000 in cash and $4,000, note of Daniel Shepp at one year with five per cent interest, to the order of and indorsed by J. B. Hursh and John Graham, were tendered to plaintiff within the fifteen days and refused by him, and further that defendant promptly offered to pay plaintiff's attorney's fees, but the attorney declined to settle with him. In short, the evidence tended to prove that the de-

fendant promptly and in good faith tendered performance of everything required of him by the terms of the agreement, and plaintiff refused to accept. This was claimed to be a good de- fence in the nature of accord and satisfaction.

It cannot be successfully contended that the agreement was without consideration. It was under seal and that of course imports a consideration: Schmertz v. Shreeve, 62 Pa. 457 ; Building Association v. Hull, 135 Pa. 565. But, aside from that, there was other evidence of sufficient consideration to support the agreement. Part of the sum agreed upon was $3,000, cash, in fifteen days, the residue " $4,000 in securities " satisfactory to plaintiff, and the evidence shows that the $4,000 Shepp note, indorsed by Hursh and Graham, was satisfactory to plaintiff. Moreover, Hursh bound himself to pay plaintiff's attorney's fees connected with the pending suit.

It is well settled that accord and satisfaction is the substitu- tion of another agreement between the parties in satisfaction of the former one, and an execution of the latter agreement. The two together form a complete bar to any further action on the original claim ; but neither without the other consti- tutes a good defence. Tender of performance can never take the place of satisfaction, unless accepted. Accord to be good must be in full satisfaction, and must be executed ; readiness to perform is not enough : Am. & Eng. Encyc. of Law, 94, 95, and cases there cited. In the language of one of our own cases, " the legal notion of accord is a new agreement on a new consideration to discharge the debtor. And it is not enough that there be a clear agreement or accord and a sufficient con- sideration, but the accord must be executed. The plea must allege that the matter was accepted in satisfaction. Mere readi- ness to perform the accord, or a tender of performance, or even a part performance and readiness to perform the rest will not do : " Hearn v. Kiehl, 38 Pa. 147.

It is no doubt true, as was held in Babcock v. Hawkins, 23 Vermont, 561, (cited by the learned president of the common pleas) that where the accord is founded on a new consideration and is accepted as satisfaction, it operates as such, and bars the remedy on the old contract. There is an obvious distinc- tion between an engagement to accept a promise in satisfac- tion, and an agreement requiring performance of the promise.

If the promise itself and not its performance is accepted in satisfaction, this is a good accord and satisfaction without performance. The agreement relied on in this case will not bear that construction. The defendants' undertaking was to pay $3,000 cash, in fifteen days, and "$4,000 in securities," etc., The agreement then declares : " The above is in lieu of the two notes," etc. " The above," we think, refers not to the defendants' undertaking or promise, as such, but to the $3,000 cash and $4,000 in securities and contemplates the payment of the one and delivery of the other. The agreement was not to accept defendants' promise in lieu of the notes, but the specified sums in cash and approved securities. It contemplated the performance of the promise, and was therefore executory. The tender of performance, although made promptly and in good faith, was not satisfaction.

It follows from what has been said that the plaintiff's 7th point, recited in the fifth specification should have been affirmed. It is unnecessary to consider other questions presented by the record.

Judgment reversed and a venire facias de novo awarded.