# Mt. Holly Water Company, Appellant, *v.* Borough of Mt. Holly Springs.

*Prior contract—Accord and satisfaction.*

There can be no accord and satisfaction of a prior contract by the substitution of a new one unless that new one has some consideration to support it. The acceptance of a less sum in payment of a greater is not a satisfaction; much less is a mere announcement that a less sum will be so accepted as satisfaction.

*Water and water companies—Contract with the municipality—Accord and satisfaction.*

An announcement by a water company that a discount on certain sales would be made for payment of certain bills if paid on or before a given date and that penalties would be imposed for delayed payments such rule being obviously applicable to private consumers cannot be construed as applicable to a prior contract with the municipality for hydrants and fire plugs rented by it.

Argued March 14, 1899. Appeal, No. 26, March T., 1899, by plaintiff, from judgment of C. P. Cumberland Co., in favor of plaintiff on case stated. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by BEEBER, J.

Case stated. Before E. W. BIDDLE, P. J.

It appears from the case stated that plaintiff claimed for one half year's water rent for twenty plugs or fire hydrants at the rate of $20.00 per annum, making in all $200.

The facts sufficiently appear from the following opinion and decree of the court below.

On October 24, 1894, an ordinance of the borough of Mt. Holly Springs was approved, authorizing the use of the borough streets for the laying of water pipes by the plaintiff company. Section 2 provides as follows: "The privileges of this ordinance hereby granted, are given upon condition that the said water company shall furnish an ample supply of water for the use of said borough for fire and other purposes, and for all such families as may desire to use the same for domestic purposes, for the prices hereafter to be established, the said borough of Mt.

Holly Springs to have the use of water for fire, sprinkling and sanitary purposes, at least twenty plugs or fire-hydrants for the annual rental of twenty dollars a plug, and hydrants or plugs to be located and erected at such parts of the borough," etc.

The water company adopted certain rules and regulations, the third paragraph of which reads thus : " All rents shall be paid semi-annually in advance, on the 15th day of February and the 15th day of August.    A discount of 10 per cent. on all bills of less than $50.00, and 25 per cent. on all bills exceeding $50.00, will be allowed if the bills are paid on or before February 1st and August 1st.    An addition of 10 per cent. to the face value of the bills will be made to all bills not paid on or before March 1st and September 1st.    No lease of water will be made for a shorter period than one year."

The only question involved in the present controversy is whether above paragraph applies to water rents payable by the borough.    It is undisputable that the words " all rents " and " all bills " are of the widest possible scope, and as there is no expression used in the rules and regulations indicating an intent in any wise to restrict their meaning, we conclude that they embrace bills owing by the municipality as well as those due from other customers.

And now, September 30, 1898, it is ordered that judgment be entered in favor of plaintiff against the defendant for the sum of $150, the costs to be paid by plaintiff.

Plaintiff appealed.

*Errors assigned* were (1) in entering judgment in favor of plaintiff and against defendant for the sum of $150, costs to be paid by plaintiff.    (2) In not entering judgment in favor of plaintiff and against defendant for $200, with interest from February 15, 1898, costs to be paid by defendant.

*R. W. Woods*, for appellant.—The plaintiff company has no right to exact from said borough any percentage as a penalty for failure of prompt payment other than the interest allowed by law after the bills become due.    The borough is not bound by the rules and regulations as formed by the plaintiff company, unless they become a party thereto, as in the case of individual consumers.

In Hill v. Roderick, 4 W. & S. 223, it has been decided as follows :· "It is the unbending rule of common law that contracts bind both parties or neither of them." In Wilkinson v. Heavenrich, 58 Mich. 574, the Supreme Court of Michigan has decided : "Where mutual promises are the consideration for a contract it must be signed by both parties. Contracts which are so drawn as to bind one party but not the other, are void, for want of mutuality."

*Filmore Maust,* for appellee.—The ordinance gives the borough the right to use the plaintiff's water. It goes further and fixes the price, rate or "annual rental" to be charged the borough for the use of said water. Beyond this the ordinance is silent. But the actual use of the water by the borough makes it a patron of the company, and as such raises the implied contract to be bound by the rules and regulations of the plaintiff company, and in turn the said company to be also bound by said rules and regulations.

The ordinance provides for the use of the company's water by the borough, as also for the price or rent to be charged therefor. But beyond this the ordinance does not provide. So that in order to fix the time when rents are due and payable, and in order to provide for discounts in order to encourage prompt payment of bills, and to impose penalties for delayed payment of rents, we must go to the rules and regulations of the plaintiff company.

OPINION BY BEEBER, J., April 17, 1899 :

By the terms of the case stated the contract between the Mt. Holly Water Company and the borough of Mt. Holly Springs, providing for the furnishing of water to the borough and the payment therefor, is found in the ordinance of the borough enacted the 23d of October, 1894, and approved the following day. This was within a few days of six months before the water company was incorporated. By the terms of this ordinance the borough was "to have the use of water for fire, sprinkling and sanitary purposes at least twenty plugs or fire hydrants for the annual rental of twenty dollars a plug." Some time after its incorporation the water company established certain rule, regulations ard water rates. The third paragraph of the rules is as

follows : " All rents shall be paid annually, in advance, on the 15th day of August.    A discount of 10 per cent. on all bills of less than $50.00, and of 25 per cent. on all bills exceeding $50.00, will be allowed if the bills are paid on or before August 1st. An addition of 10 per cent. to the face of the bills will be made to all bills not paid on or before September 1st.    No lease of water will be made for a shorter period than one year."    The borough tendered payment of six months' water rent, less twenty-five per cent, to wit: the sum of $150, which the water company refused to accept, alleging that the borough was not entitled to this discount.    The court below entered judgment in favor of the plaintiff, the water company, for the sum of $150, thereby holding that the borough was entitled to the discount as fixed in the rules and regulations.    In this we think the court erred.

It is true that the words " all rents " and " all bills " are comprehensive enough to include the bills owing by the borough, but to hold that they do include them is, we think, in view of the contract existing between the company and the borough, to put a meaning into the words not intended by the company. An examination of the water rates, established by the rules and regulations, will show that the company was not attempting to regulate the prices and times of payment for the use of plugs or fire hydrants at all.    The rates mentioned in these rules were for residences, fountains, barber shops, hotels and restaurants, building purposes, stores and offices, blacksmith shops, steam boilers, stables, bakeries, slaughter houses and greenhouses. Itemized prices for water likely to be used at these places and for these purposes were minutely set forth.    Nowhere was there any price fixed for the use of plugs or fire hydrants.    The rents accruing under these rates and the bills rendered for the amounts accrued are the ones that the rules and regulations were providing a discount for.    It appears clear to us that, when the water company provided for the payment of all rents annually in advance, and for a discount on all bills paid within certain times, it had in contemplation the rents which would be fixed as to amount by the rates established by these rules and regulations and the bills which would be presented for the rents thus accruing.

Our conclusion as to this is fortified by a consideration of the contract between the parties and the effect upon that contract

if we held that these rules and regulations applied to its terms. The borough had a contract with the company to pay it $20.00 annually for each plug or fire hydrant when these rules were adopted. They not only change the payments to semi-annual ones, but they impose a penalty if not paid within a certain time. We cannot understand how one party to a contract can thus change its terms without the consent of the other. Furthermore, even if the company had intended to forego a part of the borough's stipulated consideration for the water, it would have been a mere nudum pactum, and such an intention could have been repudiated at any time. This is not a case where the company has waived the collection of part of its claim upon receipt of an anticipated payment, or of something different from what is provided in the contract. The most that can be said of it is that the company has announced that it would discount certain of its bills if paid within a certain time. As to those who entered into their liability after this agreement of the company had been announced it would be valid enough, but as to those whose liability was already fixed by a prior contract, such a promise of a discount cannot be enforced against the consent of the company. There can be no accord and satisfaction of a prior contract by the substitution of a new one unless that new one has some consideration to support it. The acceptance of a less sum in payment of a greater is not a satisfaction—much less is a mere announcement that a less sum will be so accepted a satisfaction : Spruneberger v. Dentler, 4 Watts, 126 ; Rising v. Patterson, 5 Wharton, 316 ; Kidder v. Kidder, 33 Pa. 268 ; Hosler v. Hursh, 151 Pa. 415 ; Cumber v. Wane, 1 Smith's Lead. Cases (8th ed.), pp. 646, 647, 652.

Judgment reversed and judgment now entered in favor of plaintiff for $200 with interest from the 15th day of February, 1898, with costs.