## BALTIMORE & O. R. CO. v. GAWINSKE.

(Circuit Court of Appeals, Third Circuit.   May 13, 1912.)

No. 1,567.

RELEASE (§ 20*)—VALIDITY—EMPLOYER'S LIABILITY ACT—ACTION FOR INJURY
TO EMPLOYÉ.

An employé, on entering the service of a railroad company and becoming a member of its relief department, entered into a contract which provided that, in the event of his disability or death from accidental injuries, the benefits thereunder should not be payable or paid until a release should be made and filed releasing the company from all claims for damages by reason of such injury or death.   The employé received sick benefits and life insurance by virtue of his membership of the department, and, on subsequently receiving an injury while employed in moving a train in interstate commerce, in order to obtain the benefits provided therefor duly executed a release in the terms required by the contract of membership.   *Held* that, while the release was voluntarily made after the injury and after his right of action therefor had accrued, it was not based on any settlement thereof, nor on any new consideration, and, being made in pursuance of the original contract and without additional consideration, was made void by Employer's Liability Act April 22, 1908, c. 149, § 5, 35 Stat. 66 (U. S. Comp. St. Supp. 1911, p. 1324), providing that "every contract, rule, regulation or devise whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act shall to that extent be void."

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 34–36; Dec. Dig. § 20.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by Harry Gawinske against the Baltimore & Ohio Railroad Company.   Judgment for plaintiff, and defendant brings error.   Affirmed.

William Watson Smith, Allen T. C. Gordon, and Gordon & Smith, all of Pittsburgh, Pa., for plaintiff in error.

William S. Moorhead and John S. Wendt, both of Pittsburgh, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge.   In the court below Harry A. Gawinske, a citizen of Pennsylvania, recovered a verdict against the Baltimore & Ohio Railroad Company, a citizen of Maryland, for personal injuries sustained by him while an employé of that company, through its alleged negligence.   On entry of judgment thereon against it, the defendant sued out this writ and assigned for error the refusal of the court to receive in evidence a writing signed and sealed by the plaintiff on December 29, 1910, wherein he released the defendant from liability for said injury.

The facts of the case are that on November 8, 1910, the defendant, a common carrier by rail, was moving in interstate commerce two cars, the couplers of which were defective in not complying with

the federal Safety Appliance Acts. Gawinske, the plaintiff, a brakeman, had two of his fingers crushed while attempting to couple said cars. When Gawinske entered the employ of the company on November 9, 1909, he became a contributing member of its relief department, and so continued until the accident. By virtue of such membership he had, up to the time of the accident, received indemnity for both life and health; subjects constituting consideration for his contributions and contract which were independent of his employment, and over which, as not being commerce (Hooper v. California, 155 U. S. 653, 15 Sup. Ct. 207, 39 L. Ed. 297) Congress had no power to legislate. As to benefits from disability from accidental injuries to him as an employé, the regulations of the company, which Gawinske signed when he became a member, provided:

"In the event of disability or death from accidental injuries, the benefits herein promised shall not be payable or paid until there be first filed with the Superintendent of the Relief Department releases satisfactory to him, releasing the Baltimore & Ohio Railroad Company * * * from all claims for damages by reason of such injury or death," etc.

After the accident in 1910, Gawinske duly elected to and did receive accident relief benefits and before doing so signed and sealed releases which, after reciting the injury, say:

"As under my contract I am entitled to said benefits only on the execution of the release following, I now make complete my right to said sum and in consideration of the receipt thereof do hereby release and forever discharge the said company * * * from all claims or demands for damages, indemnity or other form of compensation I now or may or can hereafter have against any of the aforesaid companies by reason of said injuries."

This release being sufficient in terms, and purporting by its seal to be for consideration, under the law of Pennsylvania, where it was made (Hosler v. Hursh, 151 Pa. 415, 25 Atl. 52), was, until set aside in a court of equity, to be deemed valid in an action at law in a federal court (Messinger v. New England Co. [C. C.] 59 Fed. 529), unless, as contended by the defendant in error, it was void by virtue of section 5 of the act of Congress of April 22, 1908, which provides:

"That every contract, rule, regulation or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void," etc.

It is contended by the plaintiff in error, and we state its argument at length, that the release in this case comes neither within the letter or the spirit of this act, because there are two contracts here involved. One of them was made in 1909 between Gawinske and the company, whereby it was stipulated that in the event of injury he was to have an election to accept voluntary compensation or to enforce compulsory relief by suit. In pursuance of that right of choice and after the injury he elected to take the voluntary relief, and in order to qualify himself to obtain the money payable under such contract he entered into the second contract here in question, whereby, in consideration of receiving the proceeds of his election of voluntary relief, he released the right of action which the injury had conferred

upon him. This right of action, it is contended, came into existence after the first contract was made. It was in no way affected by the terms of the first contract and remained enforceable until by the second contract Gawinske extinguished his right of action by the release. Moreover, it is argued this act was only intended to forbid anticipatory and compulsory releases of future negligence and was not meant to forbid voluntary releases of past negligence. For example, it is said that, apart from any statutory enactment, public policy itself forbids a carrier placing in a bill of lading an anticipatory release of its negligence. Nevertheless, after negligence has caused injury and a right of action accrued to the shipper, no court would deny his right to voluntarily release the carrier from liability for such past negligence. In the same way, this statute, it is alleged, having protected the employé from the evil of an anticipatory release, surely did not intend to forbid employé and carrier, after a right of action had accrued, from releasing such action, and especially in view of the fact that the releasor had already received the life insurance and sick benefit indemnity over which Congress had no power to legislate.

To sustain such contention, however, the present case must be differentiated from Chicago v. McGuire, 219 U. S. 561, 31 Sup. Ct. 259, 55 L. Ed. 328. There, it is true, the single and only contract in question antedated the injury, and itself provided:

"That the acceptance of benefits payable to him in accordance with the regulations of the department should discharge the company from all liability for damages."

That contract provided for or contemplated no future contract. The minds of the parties were not to meet in any subsequent negotiations. The contract was complete and self-sufficient, and, when McGuire accepted the benefits, it was not the acceptance of such benefits, but the contract made before the accident, that worked the release. The anticipatory contract, by the acceptance of the benefits, automatically became a contract of release. In the present case, it is true, it is not the first contract, but the second, that releases the right of action. If Gawinske had accepted benefits in the present case, and the railroad had paid him without his executing the release in question, such acceptance would not, by the provisions of the original contract, have released his right of action. It may therefore be urged that the effect of the second contract as a release springs solely from itself and is in no way dependent on the provisions of the first contract, for while it is true the latter contemplated the possibility of such a release being made in certain contingencies and its absolute necessity if one of the parties exercised certain optional rights, nevertheless the fact remained that whether it should or should not be made was a matter thereafter to be the subject of agreement on the part of the parties, and that agreement the first contract in no way coerced or controlled. The parties, it is said, were free to act as they saw fit; but, having acted, the benefits having been paid and the release delivered, why, it is asked, should not

such agreement, when honestly made, be honestly observed by the parties that made it?

While conceding the persuasive and logical force of these contentions, that there is ground for asserting that possibly such construction was the legislative understanding when the bill was in passage and that any other would cripple, if not indeed preclude, the continuance of these great corporate relief funds, which should be fostered and encouraged, we are nevertheless constrained, under Chicago v. McGuire, supra, to hold that this release is made void by the statute. Gawinske's release, while a contract entered into after the injury, was in no sense a release based on a settlement. It is not contended that any settlement was made or any money paid in pursuance thereof, any new consideration passed for which the release was executed, or indeed that there were any subsequent negotiations or settlement between these parties. On the contrary, the release is but the contractual method of obtaining the relief benefits. Its contemplated purpose, as provided in the initial contract, was to enable the beneficiary to obtain the relief funds, and, being made in pursuance of such original contract and without any additional consideration, to it may be applied what was said of McGuire's acceptance of benefits, viz.:

"The acceptance of benefits is, of course, an act done after the injury, but the legal consequences sought to be attached to that act are derived from the provision in the contract of membership. The stipulation which the statute nullifies is one made in advance of the injury that the subsequent acceptance of benefits shall constitute full satisfaction of the claim for damages."

In substance, the stipulation is here the same. The stipulation that no benefit can be paid without a release is substantially the same as saying the acceptance of benefits shall be a release. In both cases the acceptance of the benefit is the creator of the release.

The judgment below is affirmed.