## Nellis v. McSweeney et al.

*Judgments—Opening—Notes—Release—Must clearly express the intention of the parties.*

1. Where one seeks to open a judgment upon the grounds that he has been released from the payment thereof, such release must clearly express the intention of the parties to release and be released.

2. A release from a specialty debt by simple contract without consideration is void.

Rule to open judgment. C. P. Erie Co., May T., 1924, No. 493.

*J. O. Hertzler*, for plaintiff; *L. F. Perry*, for W. F. Miller.

ROSSITER, P. J., Sept. 8, 1924. — McSweeney and Olson were partners in "The Motor Service Company." Miller later came into the partnership. At the time Miller came in, the partnership was owing plaintiff $500 on a judgment note under seal. When that note came due it was paid by renewal; Miller, with the other partners, signing the renewal. Later, Miller withdrew from the partnership, upon McSweeney and Olson assuming the debts, and Nellis, the plaintiff, "in an interview regarding this note, suggested that he would be perfectly willing that McSweeney would have the interest in the garage and should keep the note as it was and as long as McSweeney had the interest in the garage he was perfectly satisfied and would look to him for the money." "We took Mr. Nellis at his word that this was a release," but the note was never taken up, and when Sheriff Brown went to make a levy after the note had been entered and issued upon, Miller told him he had "sold it (the note) to his partner."

In our opinion, the conversation had relative to this note did not constitute a release, but quite the contrary, nor did Miller so understand it in his conversation with the sheriff. It is a well known principle of law that, while a release need not be "dressed up" in legal technicalities, it must clearly express the intention of the parties to release and be released. Here the intention of the plaintiff was to keep the note "as it was;" in other words, to keep Miller liable, but to look to McSweeney for payment only "as long as" he continued in the garage business. But there is another insurmountable difficulty, and that is, that the release of a specialty debt by simple contract without consideration is void: Miller v. Hemler, 5 W. & S. 486. That the release of a debt, even not under seal, requires proof of a consideration to make it valid and binding upon the releasor: Kidder v. Kidder, 33 Pa. 268. And there is no claim of pretence whatever that there was any consideration for the release of Miller from the debt. Here is an obligation in writing, under seal, which is sought to be released by a parol agreement, not even in writing, and with no consideration to support it, and the words depended upon for that purpose are not "in substance" a release at all, but an express intention to still "keep the note as it was," hold Miller liable, subject to the grace of "as long as McSweeney had the interest in the garage."

The rule, therefore, granted May 28, 1924, to show cause why the judgment should not be opened and the defendant let into a defence is now, Sept. 8, 1924, discharged.