98      179
23 SC ²162

# Sykes *versus* Gerber.

1. Where a person receives a promissory note drawn to his own order for a debt due him and gives a receipt wherein he states that he has settled and received payment in full by taking the note, together with an order and a certain sum in cash, it is for the jury to say whether the note was given in payment of the original debt or merely as an additional or cumulative security.

2. A., having received a note from B., as additional security for a debt, brought suit thereon at maturity, filing a narr. which contained a special count on the note and also the ordinary common counts. Judgment having been entered in this suit for defendant,

A. afterwards brought a new action against B. to recover the amount of the original debt. *Held*, that the subject matter of this suit was the same as that of the suit formerly brought upon the note, and that hence the judgment then entered for defendant constituted a bar to plaintiff's right of action.

.3. Where, in such a case, the record of the suit on the note disclosed the fact that there had been a material alteration in said note after its delivery to plaintiff, and that for that cause judgment was entered for the defendant,—*Held*, that this did not render said judgment, as respects its legal effect, any less conclusive against the plaintiff's right of action on the original debt. By vitiating the note the plaintiff caused it to operate as a satisfaction of the debt.

May 30th 1881. Before SHARSWOOD, C. J., GORDON, TRUNKEY and STERRETT, JJ. MERCUR, PAXSON and GREEN, JJ., absent.

ERROR to the Court of Common Pleas of *Elk county :* Of May Term 1881, No. 84.

This was an appeal from a judgment of a justice of the peace entered in favor of Frank X. Gerber to the use of Joseph Gerber against Joshua Sykes, in an action brought by Gerber against Sykes to recover compensation for work and labor done. Pleas, non assumpsit, set off, payment with leave, etc.

On the trial, before WETMORE, P. J., the facts of the case appeared to be as follows :

Plaintiff had, prior to June 5th 1874, worked for defendant, and on that day settled with defendant for the wages due him, receiving in cash $5, an order drawn by defendant for $17, and a promissory note made by defendant payable to plaintiff's order nine months after date for $200. The following was the receipt given by the plaintiff to the defendant :

" Settled and received payment in full for all claims for labor, &c., by taking note and order of $17.00 and cash $5.00, the 5th day of June, 1874.          F. X. GERBER."

Defendant failed to pay the note on maturity, whereupon plaintiff instituted an action of assumpsit against him to No. 108, Sept. Term 1875, declaring specially upon the note and adding the usual common counts, for work and labor done, etc. On the trial of that cause it appeared that the note had been altered by the addition of the words " with interest " after it had been delivered to the plaintiff. Verdict and judgment were accordingly rendered for the defendant.

Afterwards plaintiff brought this suit, in which he sought to recover the wages due him by defendant for which the note had been given.

The court instructed the jury, *inter alia*, as follows :

[Sykes *v.* Gerber.]

"If the jury find from the evidence that there was a settlement between the parties June 5th 1874, and an order given for seventeen dollars, and a cash payment of five dollars, and a note for two hundred dollars, due nine months after date, was given and received in full payment and discharge of the balance claimed as due, then the original claim was satisfied and there can be no recovery on it in this suit.

"If the note was not received in payment and discharge of the claim, then it is a subsisting legal obligation.

"The record given in evidence, No. 108, Sept. Term 1875, is not a bar to this suit."

Verdict and judgment for the plaintiff in the sum of $261.00, whereupon defendant took this writ, assigning for error that portion of the charge of the court above cited.

*Geo. A. Rathbun* (with whom was *W. W. Ames*), for plaintiff in error.—The legal effect of the receipt was wholly for the court and not for the jury: Welsh *v.* Dusar, 3 Binn. 337; Moore *v.* Miller, 4 S. & R. 279; Denison *v.* Wertz, 7 S. & R. 372; Bryant *v.* Hagerty, 6 Norris 256. Its effect, taken in connection with the attendant circumstances, was to show that the note was received as payment: Chambers *v.* Davis, 3 Whart. 46.

Plaintiff could in his suit on the note have given in evidence his cause of action in the present suit under the common counts. Having failed to do so, the verdict and judgment for defendant in that suit is a complete bar to the present one: Alexander *v.* Stokely, 7 S. & R. 299; Wilson *v.* Hamilton, 9 S. & R. 429; Kilheffer *v.* Herr, 17 S. & R. 319; Logan *v.* Caffrey, 6 Cas. 196; Marsh *v.* Pier, 4 Rawle 287; Buffington *v.* Buhrman, 3 Clark, 73. The note was the evidence of the contract between the parties, and having been altered through the fault of plaintiff, he lost wholly his cause of action.

*John G. Hall* and *C. H. McCauley*, for the defendant in error.—Where a note is taken for an antecedent debt, it is presumed to be an additional security, and not payment. If the note is on time, it is held its effect is only to postpone the demand for immediate payment, so that if the note is not paid at maturity, the creditor may sue for his demand independently of the note, as if it had never been given. And it is no answer that the debtor has been sued upon the note, and that judgment has been obtained against him, if the judgment is unsatisfied: Addison on Contracts, § 333; Hart *v.*

Boller, 15 S. & R. 163 ; Kinsley *v.* Buchanan, 5 Watts 119 ; Jones *v.* Shawhan, 4 W. & S. 263.

But the presumption of law that the note given is merely cumulative and not satisfaction may be rebutted by other evidence. There was here some evidence which tended to show that the note was intended as payment. The question whether it was or not was rightly submitted to the jury : Jones *v.* Shawhan, 4 W. & S. 263 ; Hart *v.* Boller, 15 S. & R. 163. The verdict settles that the note was not intended as payment. A former judgment is a bar only where there has been a trial of the same subject matter between the same parties on the merits. Sterner *v.* Gower, 3 W. & S. 143 ; Carmony *v.* Hoober, 5 Barr 305 ; Follansbee *v.* Walker, 24 P. F. S. 310. And parol evidence is admissible to show that the trial of the first cause was not on the merits of the controversy sought to be litigated in the second : Aiken *v.* Stewart, 4 W. N. C. 180 ; Carmony *v.* Hoober, 5 Barr 305. And this may be shown by the charge of the court in the first case : Follansbee *v.* Walker, *supra.*

The judge's charge in the suit on the note shows that the sole question there raised was the validity of the note.

The doctrine that a material alteration of a note altogether destroys the right of action on the debt for which the note was given, has long ago been exploded. Besides, in the present case the alteration was made without plaintiff's knowledge or consent.

Mr. Justice TRUNKEY delivered the opinion of the court, June 20th 1881.

On June 5th 1874, Sykes gave Gerber an order for $17, cash $5, and his note at nine months for $200, in settlement and payment in full. After the note became due suit was brought thereon and trial had upon the merits, resulting in a verdict and judgment for the defendant. Then this action was commenced to recover for the same claim for which the note was given. The court charged that if the order, cash and note were received in payment of the original claim the plaintiff could not recover, but if not so received, said claim was a subsisting legal obligation ; and that the former judgment is not a bar to this suit. This instruction is assigned for error.

For present purposes the verdict settles that the note was not given in payment of the original debt. It evidenced the amount of that debt and when payable, and was itself an additional or cumulative security. The original claim and the note were between the same parties, for the same consideration, and payment of either would have satisfied both. A judgment in favor of

[Sykes *v.* Gerber.]

the creditor upon either would be a bar to a recovery on the other. And a judgment for the debtor in an action which finally disposed of the note, for equally good reason, is a complete defense against a suit upon the account or claim which the note represented.

The law does not tolerate a second judgment for the same thing, between the same parties, whether the claim is upon a contract or tort. In the former action the declaration contained the common counts and a special count on the note. The general rule is that it is against the policy of the law to permit a plaintiff to prosecute in a second action for what was included in and might have been recovered in the first, because it would harass the defendant and expose him to double costs. This is so far modified that when claims are distinct, though all might have been recovered in the first action, it will not bar a second for one which was not demanded or proved in the first. But where the contract is entire and there is a recovery upon such contract, the party cannot maintain a second suit even on clear proof that no evidence was given in the first as to part of the demand in controversy : Logan *v.* Caffrey, 6 Casey 196. The plaintiff might have offered evidence under the common counts, of his claim for labor, as well as the note under the special count, and as they represent one debt this case is within the general rule. The subject matter was the same, whichever kind of proof was offered to establish it, and if sustained by both the judgment would be the same as if by one alone.

Thus far the case is considered as if the note were valid at the time of the former trial. The record of that case shows that the note was vitiated by a fraudulent alteration, and that it was for that cause the judgment was for defendant. It is claimed by the plaintiff that the alteration was without fault in him, and that the trial was not on the merits. The judgment, as respects its legal effect, was upon the merits, and settles that there was fault in the plaintiff, else he would have recovered. An accidental alteration of a written contract, or its alteration by a stranger without the party's knowledge·or connivance, and he being blameless, will not defeat his action. The judgment ended forever the right of action on that note, and now the plaintiff cannot go back and maintain a suit for the original debt, for "no man shall be permitted to take the chance of committing a fraud, without running any risk of losing when it is detected." The vendee of goods paid for them by a bill of exchange drawn by him on a third person, and after its acceptance, the vendor vitiated it by an alteration : Held, that by so doing he made the bill his own, and caused it to operate as a satisfaction of the original debt, and consequently that he could not re-

cover for the goods sold: Alderson *v.* Langsdale, 3 B. & Ad. 660 (23 E. C. L. R. 155). By vitiating the note given for his labor claim, the plaintiff caused it to operate as a satisfaction of the debt, and he cannot recover in a second action against the defendant. If, for the reason stated by his counsel, he is innocent, he must look for redress to the party who wrongfully altered the note.

,Judgment reversed, and *venire facias de novo* awarded.