## Mack v. Logue, Appellant.

*Res adjudicata—Judgment—Forged note.*

Where a person enters judgment on a judgment note, and subsequently the judgment is opened, and an issue is tried in which it is determined that the note is a forgery, the plaintiff in a subsequent suit on the same cause of action as that represented by the note can only recover the difference between the amount of the note, and the whole debt. As to the portion of the debt equivalent to the amount of the note, the matter is res adjudicata,

Argued April 15, 1903.   Appeal, No. 105, April T., 1903, by defendant, from judgment of C. P., No. 1, Allegheny Co., June T., 1902, No. 751, on verdict for plaintiff in case of William P. Mack v. John E. F. Logue.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit for wages.　Before MACFARLANE, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $16.77.　Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*F. C. McGirr*, of *Marron & McGirr*, for appellant.

No appearance or paper-book, for appellee.

OPINION BY BEAVER, J., May 22, 1903:

The claim of the plaintiff is for forty-three weeks' labor at $20.00 per week, $860, less payments aggregating $119.75, leaving a balance of $740.25.　There was practically no denial of the services rendered, for which wages were claimed, nor of the amount of the payments.

Defendant introduced in evidence the record of a trial in the common pleas of Allegheny county, in which it appeared that in a judgment entered on a D. S. B. for $725.40 by the plaintiff against the defendant in this suit, which had been opened on the application of the defendant and tried before a jury, on the allegation that the note was a forgery, a verdict had been found for the defendant, the said note being admittedly for a portion of the claim which formed the basis of the present suit.

The defendant claimed that the judgment in that case was res adjudicata, not only as to the amount of the note but as to the plaintiff's entire claim in the present suit.　The trial judge in the court below held the judgment in the former case a bar to a recovery in this to the amount of the note found by the jury to have been a forgery but that, if the jury believed the amount of the plaintiff's claim was correct, he might recover for the difference between the note in the former case and the claim in this.

This is really the only point in controversy, although raised in various forms by the several assignments of error.

There is no allegation that the note, declared by the verdict of the jury in the former case to be a forgery, was given in satisfaction of the claim for wages, and indeed there could not

be in the very nature of the case, for the allegation of forgery was based not upon an alteration but upon the fact that the defendant had not executed the note. There was, therefore, the absence of " a new agreement on a new consideration to discharge the debtor," which is the basis of an accord : Hearn v. Kiehl, 38 Pa. 147. The authorities cited by appellant do not touch the precise question here raised. Indeed in Sykes v. Gerber, 98 Pa. 179, the general rule, as stated by Mr. Justice TRUNKEY applies here, in support of the position taken by the trial judge in the court below. He says : " The general rule is that it is against the policy of the law to permit a plaintiff to prosecute in the second action for what was included in and might have been recovered in the first, because it would harass the defendant and expose him to double costs. This is so far modified that when claims are distinct, though all might have been recovered in the first action, it will not bar a second for one which was not demanded or proved in the first. But where the contract is entire and there is a recovery upon such contract, the party cannot maintain a second suit even on clear proof that no evidence was given in the first as to part of the demand in controversy: Logan v. Caffrey, 30 Pa. 196. The plaintiff might have offered evidence under the common counts, of his claim for labor, as well as the note under the special count, and as they represent one debt, this case is within the general rule." Not so here. The plaintiff was confined by the pleadings in the former case to the note and hence had no opportunity to be heard as to the balance of his claim for wages·

We have no doubt as to the correctness of the rulings complained of.

Judgment affirmed.