# Walters *v.* Proper, Appellant.

*Contract—Suits on separate contracts—Form of judgment.*

In an action of assumpsit on a quantum meruit to recover for services in sorting lumber, the plaintiff will not be barred from recovery by reason of a former judgment which he had recovered against the defendant for hauling and piling the same lumber, if it appears that the contract for hauling and piling was the first one made, and was for a stipulated sum, while the contract for sorting was made subsequently, and for a consideration to be afterwards agreed upon.

Argued April 13, 1915. Appeal, No. 2, April T., 1915, by defendants, from judgment of C. P. Forest Co., May T., 1913, No. 10, on verdict for plaintiff in case of Elmer Walters v. J. F. Proper, et al., trading as Dunn, Landers

& Co.   Before Rice, P. J., Orlady, Head, Henderson, Kephart and Trexler, JJ.   Affirmed.

Assumpsit on a quantum meruit for services in sorting lumber.   Before Porter, P. J., specially presiding.

At the trial it appeared that in October, 1909, plaintiff entered into a contract with the defendants to haul and pile lumber for them for a compensation of one dollar per thousand feet.   Subsequently he entered into another agreement with the defendants to sort the lumber which he was hauling and piling.   The plaintiff recovered judgment for the amount due for hauling and piling, and subsequently brought the present suit for the sorting.   The plaintiff testified that while he was employed in hauling and piling the lumber J. J. Landers, one of the defendants, "asked me how it would be if I would sort that.   He said he didn't want it piled along all together, all lengths, and I asked him what he would give me.   He asked me what it was worth and I told him I didn't know.   He asked me if I wouldn't do it.   I said 'yes' and he said he would pay me what was right."

J. J. Landers testified that "Mr. Walters was teamster from the mill; the mill is about half a mile from the railroad.   He was hauling the lumber to the railroad by contract, and that contract was that he was to haul the lumber and pile it as I should direct at the railroad.   And at one time I was going through the yard and he spoke to me about sorting the lumber, that it was quite a task to pile it as I wanted it done, each time, piled by itself, and thought he ought to have a little extra money for doing the sorting; and I told him that was the only way that we could have it piled there, and that if he would sort it, keep each sort by itself, we would allow him whatever it was worth extra for doing the sorting."

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $237.42.   Defendant appealed.

427, (1915).]   Assignment of Error—Opinion of the Court.

*Error assigned* was in refusing binding instructions for defendant.

*A. C. Brown,* with him *D. I. Ball,* for appellant.—The learned court below fell into error in holding that there were two separate and distinct contracts one for hauling and piling and the other for sorting: Logan v. Caffrey, 30 Pa. 196; Buck v. Wilson, et al., 113 Pa. 423; Hill v. Joy, 149 Pa. 243; Raisig v. Graf, 17 Pa. Superior Ct. 509; Rockwell v. Langley, 19 Pa. 502; Sykes v. Gerber, 98 Pa. 179; Schriver v. Eckenrode, 87 Pa. 213.

*T. F. Ritchey,* for appellee.—Contracts frequently, when relating to the same subject matter, are severable, and a separate suit can be maintained for a breach of each item, and a recovery in one is no bar to a recovery on the other: Wolf v. Welton, 30 Pa. 202; Crawford & Moyes v. R. F. McKinney, 165 Pa. 605.

OPINION BY HENDERSON, J., July 21, 1915:

The plaintiff entered into a parol agreement with the defendants to haul lumber of the latter from their mill to the railroad station and pile it for the compensation of $1.00 per thousand feet. After he had been hauling for some time and had delivered "considerable lumber" at the railroad another contract was entered into between him and one of the defendants by which he agreed to sort the lumber, it being of various lengths and of different kinds. No price was named for this work, Mr. Landers agreeing to pay the plaintiff whatever it was worth. After the delivery of about 490,000 feet of the lumber a dispute arose between the parties, and the plaintiff brought an action on the contract for hauling the lumber to recover the balance alleged to be due him. At the trial a verdict was given for the plaintiff. Afterwards this action was brought to recover compensation for sorting the lumber. There was no dispute that the sorting was done or in regard to the quantity of lumber nor

was the plaintiff's evidence as to the value of his services contradicted. The sole defense was that the judgment in the action for the price of the hauling was a bar to the action for sorting. That there was neither identity nor entirety of contract in the transactions between the parties appears in the evidence presented in the trial of the second case. The first agreement was for hauling and piling for a stipulated price and that contract was partly performed before the second was made. It covered the use of the plaintiff's team and the manual labor involved in loading, unloading and piling. The second agreement related to the same lumber but involved a different service for which no price was fixed. The first action as shown by the statement of claim offered in the trial of this case did not include the claim for sorting the lumber. The plaintiff only declared for and sought to recover the amount agreed on for hauling and piling. Unless the former judgment was on the same contract and that an entire and indivisible one, such judgment would not be a bar against the second action. The rule on this subject was thus stated in Miller v. Manice, 6 Hill 122, "If the same question was submitted to the jury in the first action and the evidence in the last suit if it had been given in the first action would have been equally available as in the last to entitle the plaintiff to recover under the statement of the pleadings in both, then the verdict and judgment in the first action provided the defense is brought before the court in proper form is an absolute bar to any recovery therein"; and in Kilheffer v. Herr, 17 S. & R. 318, "a verdict for the same cause of action between the same parties is conclusive for when a court of competent jurisdiction has adjudicated directly upon a particular matter the same point is not open to inquiry in a subsequent suit for the same cause and between the same parties." In Sykes v. Gerber, 98 Pa. 179, the court said "the general rule is that it is against the policy of the law to permit a plaintiff to prosecute in a second action for what was included

in and might have been recovered in the first because it would harass the defendant and expose him to double costs. This is so far modified that when claims are distinct though all might have been recovered in the first action it would not bar a second for one which was not demanded or proved in the first." The testimony supporting the plaintiff's claim on a quantum meruit for sorting the lumber would not have been admissible under the declaration in the first case and as his claim for that work arises under a separate contract for a consideration to be afterwards agreed on the causes of action in the two cases were not identical and entire. The learned trial judge was fully warranted therefore in refusing to give binding instructions for the defendant.

Judgment affirmed.