## Spruneberger *against* Dentler.

An agreement to pay a less sum of money and to deliver goods, in discharge of a greater sum owing and payable, must be fully executed, and the money and goods accepted in satisfaction thereof; otherwise it is no extinguishment of the original debt. Accord, in such cases, forms no bar to a recovery on the original cause of action, and cannot be pleaded for that purpose.

ERROR to the common pleas of *Dauphin* county.

This was an action of debt for a legacy under the will of Frederick Dentler deceased, by Christiana Spruneberger, lately Christiana Dentler, against the executors of Frederick Dentler deceased, with notice to John Warner and others, terre tenants.

The legacy, when claimed, amounted to about 170 dollars. The defence was, that an agreement had been made between Warner

the terre tenant, whose land was charged with the payment of this legacy, and the husband of the plaintiff in his lifetime, by which he was to receive 40 dollars and a watch worth about 10 dollars, in full satisfaction of the legacy, and that 5 dollars of the money had been paid. The proof clearly established the contract; and the only question in the cause was, whether in law it was a good defence to the plaintiff's action? The court below was of opinion that it was a bar to the plaintiff's recovery, and so instructed the jury, who found accordingly.

*Ayres* and *M'Clure*, for plaintiff in error, cited, Hartman *v.* Lowdel, 1 *Rawle* 279; Stanwood *v.* Stanwood, 17 *Mass. Rep.* 57; 2 *Mad. Chan.* 133.

*J. A. Fisher,* contra, cited, Hart *v.* Bohler, 15 *Serg. & Rawle* 162.

The opinion of the Court was delivered by

KENNEDY, J.—This was an action of debt, brought in the court below, to recover a legacy bequeathed to the plaintiff by her father, Frederick Dentler, in his last will and testament. The legacy being in amount 25 pounds at the death of the testator in 1796, was charged upon the land of which John Warner, one of the defendants in this case, afterwards became the terre tenant. On the trial of the cause, it appeared from the evidence, that in September 1827, in the lifetime of Michael Spruneberger the husband of the plaintiff, who died before the bringing of this suit, he agreed with Warner to take of him 40 dollars, and a watch worth about 10 dollars, in full of his wife's legacy charged on the land of Warner. Warner offered 5 dollars of the 40, at the time of the agreement, to Spruneberger, who refused to receive them himself; but told Warner to give them to his wife, the plaintiff, who was present, and he did so. Warner proposed paying the whole of the 40 dollars and giving the watch then, provided Spruneberger and his wife would execute to him a release, which they were willing to do; but not being able to get a scrivener to draw one, the execution of the agreement was deferred by consent to some subsequent time, without fixing any particular day, when they were to meet again, for the purpose of carrying the agreement into effect. This meeting, however, never took place. After the death of Michael Spruneberger the husband, Warner tendered 35 dollars, the balance of the 40 dollars, and the watch, to the plaintiff; but she refused to receive any thing less than the balance of the whole amount of the legacy. It seemed from the evidence, that the husband was very intemperate, never sober when he could get enough to make himself drunk, and not very fit to do business even when sober. The only question in this case is: was the agreement made with the husband, and what was done under it, sufficient to bar the plaintiff of her original right and claim to the legacy? The amount of the legacy with the interest thereon, at the time of

the agreement, was upwards of 170 dollars; and it is not pretended but that the land was an ample security for the payment of this sum; and at least as good, if not better, than the mere personal security of Warner.   Then the 40 dollars and the watch being little more than one-fourth the amount of the legacy, it is difficult to discover any consideration sufficient to render it binding upon the parties, and to give it the effect of extinguishing the original right to the legacy, or of reducing in any way the amount thereof.   In Cumber *v.* Wane, 1 *Stran.* 426, it was decided that the acceptance of a security for a less sum could not be pleaded in satisfaction of a like security for a greater.   And this is fully supported by the authority of Pinnell's case, 5 *Co.* 117 ; *Co. Litt.* 212, *b* ; Adams *v.* Tapling, 4 *Mod.* 89 ; Tassall *v.* Shane, *Cro. Eliz.* 193 ; and followed in Heathcote *v.* Crookshanks, 2 *Term Rep.* 24.   And accordingly it was held afterwards in Fitch *v.* Sutton, 5 *East* 230, that the acceptance of a less sum in full of a greater then due, accompanied by a promise on the part of a debtor to pay the residue when able, was no satisfaction of the debt.   But had the agreement set up as a bar to the plaintiff's recovery in this case, been fairly made with the husband, under a full knowledge of the amount of the legacy coming to his wife at the time, and the 40 dollars and the watch been delivered and accepted in full satisfaction thereof, I am inclined to think that it would have precluded both husband and wife, for ever afterwards, from claiming or recovering any thing more on account of the legacy. *Co. Litt.* 212 ; Pinnell's case, 5 *Co.* 117 ; Peyton's case, 9 *Co.* 79. A mere agreement, however, to pay a less sum of money, and to give goods for a greater sum that had become payable, as in this case, would form no bar to the plaintiff's recovery of the greater sum ; not even if the whole of the less sum of money promised had been paid, and the party had at all times been ready to deliver the goods.   And in Rayne *v.* Octon, *Cro. Eliz.* 305, where the defendant being indebted to the plaintiff in the sum of 50 shillings, came to an agreement with the latter to pay him 15 shillings in money and the residue in hats, and accordingly paid the 15 shillings, and pleaded that he was always ready to pay the residue in hats ; it was adjudged that he was still liable to pay to the plaintiff the residue of the 50 shillings in money, and that the agreement was no satisfaction of the original debt, nor bar to the plaintiff's recovery in a suit founded on the original cause of action.   So in Peyton's case, 9 *Co.* 79, it was considered that when part of the accord had been executed, a tender of the residue would not be sufficient to make it a bar to the action, but that there must be an acceptance in satisfaction.   Per Eyre, chief justice, in Lynn *v.* Bruce, 2 *H. Black. Rep.* 319.   It seems to be perfectly well settled then, that an agreement to deliver goods, or a less sum of money and goods, for the residue, in discharge of a greater sum owing and payable, must be fully executed, and the goods, or money and goods, accepted of in satisfaction thereof ; otherwise it is no extinguishment of the original

[Spruneberger v. Dentler.]

debt or demand.   Accord, in such cases, forms no bar to a recovery on the original cause of action, and cannot be pleaded for that purpose.   Allen *v.* Harris, 1 *Lord Raym.* 122 ; Young *v.* Rudd, *Id.* 61. And upon the same principle it was held, in Lynn *v.* Bruce, 2 *H. Black. Rep.* 318, that an action could not be maintained by a creditor against his debtor to recover a composition of 14 shillings in the pound of the original debt, upon an agreement to accept thereof in satisfaction of the debt; because the agreement was not binding for want of a sufficient consideration.   An acceptance must, therefore, be averred and proved, or the plaintiff will be entitled to recover according to his or her original right, whatever it may be.   Paine *v.* Masters, 1 *Stran.* 573.   So that had the husband continued to live, in this case, he would not have been precluded by the agreement from maintaining this action in right of his wife, if he had never accepted the watch and the 40 dollars.   If the husband, then, might have sustained it in right of his wife, I am unable to perceive any good reason why the wife would not have the right to maintain it now, since his death.   If the agreement was not binding on him, I think it is clear it cannot be more so on her.   The agreement being insufficient to change the original rights of the parties, the wife, on the death of the husband, succeeded to the full exercise of her right to the legacy, in the same manner as if the agreement had never been made, and she had never been married.   From the evidence it cannot even be pretended that the husband made the agreement with any view to prejudice the right of his wife to the legacy, or to prevent it from coming into her possession ; because he refused to receive the 5 dollars that were paid on it into his own possession, but directed them to be given to his wife.   He never exercised any act of ownership over it with any such view, or that can be considered either sufficient to reduce it into his own possession, or to divest his wife of her right of survivorship to it.

The errors assigned in this case are well sustained.   The judgment is reversed, and a *venire de novo* awarded.