# James M. Reed *versus* Ephraim Martin.

An unexecuted agreement to pay to plaintiff a sum certain, in satisfaction of a pending suit, and an agreement by plaintiff to receive the same and release the defendant, is not sufficient in law to defeat a recovery.

ERROR to the Court of Common Pleas of *Erie county*.

In October, 1852, Ephraim Martin, the plaintiff below, issued an attachment, under the Act of 12th July, 1842, against Martin Boyles and John Haggerty, and attached property of one of the defendants—Martin Boyles, and of Miles Boyles.  Reed and Martin Boyles, defendants in this case below, gave the bond upon which this suit was brought, on the 22d October, 1852, and previous to the trial before the justice to obtain a release of the property so attached.  Plaintiff subsequently obtained judgment on his attachment before the justice against Martin Boyles, which was appealed to the Common Pleas, where the plaintiff also succeeded. Upon which judgment a *fi. fa* was issued, and returned "*nulla bona*," and this suit commenced on the bond.  At the time Reed gave the bond, he took possession of the property attached, under an agreement that he should hold it for his own security, until the debt was paid, or he was otherwise legally discharged.  In the spring of 1852, Martin Boyles was about to leave the county, and Reed wanted to be released from liability on the bond.  Reed got Miles Boyles and L. D. Bort to go to Girard, to see plaintiff be-

[Reed *v.* Martin.]

low, and get time. They saw plaintiff, when and where there was a mutual agreement that Reed should pay, and Martin (plaintiff) receive $20 or $25, and release Reed, and look to Martin Boyles for the remainder of his debt. Miles Boyles proposed to pay the money there, but it was said that plaintiff would have to go to Erie (sixteen miles), to receipt the docket, and the payment was accordingly mutually postponed, until the first or second day following, at which time parties agreed to meet at the prothonotary's office, in Erie, and carry out the provisions and stipulations of their contract—Boyles to pay $20 or $25 for Reed, to Martin, and Martin to receive the same, and discharge Reed from all further liability, on account of the bond, by receipt and release on the record, to which the suit against Boyles and Haggerty had been appealed. Boyles, on the day stipulated, came, or sent, a man with the money, early in the morning, and remained all day at the prothonotary's office with the money, to pay over to Martin, in accordance with their agreement, but Martin did not come. Reed, supposing Martin's agreement binding upon both parties, and himself discharged, released to Martin Boyles the attached property, which he held as security, a short time after the time of the agreement. The plaintiff below brought suit on the bond, against Reed and Boyles. These facts, defendant Reed contended were sufficient to bar a recovery; but the court instructed the jury that they constituted no defence, and directed them to render a verdict for plaintiffs for $140, the amount of the bond. Of this defendants complained, and took this writ of error.

*Thompson* and *Grant*, for plaintiff.—The parol agreement, performed by plaintiff in error, was a sufficient discharge from his liability: *Chit. Cont.* 46. There was a reciprocity of obligation, a sufficient consideration, a proper subject of contract and competent parties to contract, hence both parties are bound by it: Nichols *v.* Rugurbred, *Hob.* 88; Hobden *v.* Rutter, 1 *Sid.* 180; Stangborrow *v.* Warner, 4 *Leon.* 3; Gower *v.* Capper, *Cro. Eliz.* 543; Wichals *v.* Johns, *Id.* 703; Wentworth *v.* Bullew, 9 *B. & C.* 840, 849, 850; Cartwright *v.* Cooke, 3 *B. & Ad.* 703. An agreement to sell is a sufficient consideration for an agreement to purchase: Appleton *v.* Chase, 19 *Maine R.* 74. The promise of one party is a sufficient consideration for that of the other: Babcock *v.* Wilson, 17 *Maine R.* 372; Quarles *v.* George, 23 *Pick.* 401; Miller *v.* Drake, 1 *Caine's* 45; Powell *v.* Brown, 3 *Johns.* 100; Forster *v.* Fuller, 6 *Mass.* 58; Townsley *v.* Sumerall, 3 *Pet.* 182; Seaman *v.* Seaman, 12 *Wend.* 381; Train *v.* Gold, 5 *Pick.* 380; Whitehill *v.* Wilson, 3 *Penn. R.* 412, 3 *Comm.* 430, *Co. Litt.* 232, b, note; Covely *v.* Fox, 1 *Jones* 174.

*Woodruff*, for defendant.—There was no error in the charge

[Reed v. Martin.]

of the court.   An accord must be executed, or it is not binding: 1 *Smith's Leading Cases*, 385; Spruneberger v. Dentler, 4 *Watts* 128.   An accord must be shown to have been received in full satisfaction: 4 *Wh.* 249; Agnew v. Dorr, 5 *Id.* 131, 2 *Stark.* 16, *Chit. Cont.* 760–764, *Brightly's Eq.* 483, 3 *Dan. Ch.* 766; Miller v. Hemler, 5 *W. & S.* 486.

The opinion of the court was delivered November 3, 1857, by

LOWRIE, J.—We are entirely unable to regard this arrangement, relied on here by the defendant, as an actual substitution of one security for another: even though Miles Boyles went to the plaintiff below at the request of Reed.   He was not treating for the benefit of Reed, but of himself, and perhaps, Martin Boyles. He wanted to have property in which he claimed some interest, released from the attachment, and also some of Martin Boyles's. He proposed a certain sum for this, and the proposal was accepted, and a time and place fixed for receiving the money and executing a release.

In all this Reed was no party, and had no interest.   He had the simple duty of keeping the property until released by due course of law.   He had no right to give it up on the report of an expected release.   The most that can be made of the matter is, that Miles Boyles, for the benefit of himself and Martin Boyles, contracted for a release of securities to be executed on his paying $20 or $25; and he never paid it.   The proposal was never carried out, and therefore Reed was not released.

Judgment affirmed.