# Hearn *versus* Kiehl.

*Accord and Satisfaction.—Performance or Tender of Accord.*

1. A plea of accord and satisfaction must allege not only a clear agreement or accord, but that it was executed, by the acceptance of the matter agreed upon in satisfaction. Readiness to perform the accord or a tender of performance, or even part performance and readiness to perform the rest, is not enough.

2. Where a defendant alleged in his affidavit of defence, an agreement to receive in satisfaction a smaller sum of money at a time sooner than the debt fell due, and a tender to the counsel of the creditor, without alleging an acceptance by either the plaintiff or his counsel, it was *held*, that there was no execution of the accord and no satisfaction, and that the defence failed.

[Hearn *v*. Kiehl.]

ERROR to the District Court of *Philadelphia*.

This was an amicable action in case, entered in the District Court of Philadelphia, to December Term 1859, in which George A. Hearn was plaintiff, and John Kiehl and William Kiehl, partners, doing business as John Kiehl & Son, were defendants. The suit was brought on a promissory note for $168.95, signed by defendants, September 5th 1859, and payable to order of plaintiff, four months after date.

The defendant (John Kiehl) filed the following affidavit of defence : "The said defendants have a just and full defence to the whole of claim of the plaintiff in this action, the nature and character of which is as follows : That the said defendants were indebted to the said plaintiff the amount of their note on which suit is brought, due 8th of January 1860, for . . . $168.95

Another note, to fall due 5th March 1860, for . . 172.50

A bill of goods of the 5th of October, at 4 and 6 mos. 206.63

A bill of goods of the 10th of November, at 6 mos. 147.50

Whole amount of indebtedness . . . . . . $695.58

Finding themselves embarrassed in their circumstances, they were compelled to propose a compromise with their creditors; for that purpose, one of the defendants went to New York with the wife of the other, as the agent of both, for the purpose of compromising with the creditors there ; when the agent called upon the said George A. Hearn, the plaintiff, and proposed a compromise. The note on which this action is now brought was in the hands of C. Guillou, Esq., for collection; on or about the 26th day of January, the said agent had an interview with said plaintiff, when he agreed that, in consideration of the note and bills not then due nor having matured, he would agree to take fifty per cent. on the dollar for his whole debt against the defendants, one-half to be paid in cash, and the note of these defendants at three months for the other half of the said sum of fifty per cent. on the dollar ; and as the said note was in the hands of his counsel, Mr. Guillou, he would write to him to compromise and settle the whole claim on those terms. The said agent at once wrote to this affiant the terms agreed upon for the compromise ; and, on his return, and before the commencement of this action, this affiant called upon the said attorney of the plaintiff, in pursuance of said agreement, and tendered to him the one-half of the said whole indebtedness, in cash, and the note of said defendants at three months, and he declined to accept it, saying he had no authority from his client to make the settlement. The one-half the whole debt is $347.79, that is fifty per cent. of the whole ; when before the suit was brought, he tendered the sum of $174.84, adding eighty-five cents, the interest on the note now in suit, and also tendered the note of

[Hearn *v.* Kiehl.]

John Kiehl & Son for $176.60, the interest on the true amount of the note being added thereto, all of which was refused; and this affiant saith that, before said suit was brought, he complied in all respects strictly with the contract which was made by the agent of these defendants with said plaintiff."

To this was appended the voluntary affidavit of Jane B. Kiehl, confirming the statement contained in the affidavit of defence.

The court below entered judgment in favour of plaintiff for want of a sufficient affidavit, whereupon the defendant sued out this writ, assigning for error the entering of judgment for plaintiff on the affidavit filed.

*A. V. Parsons,* for plaintiff in error, argued that the contract set forth in the affidavit of defence was a valid one, under which the creditor secured an immature and doubtful claim, and citing Addison on Contracts 21; Bathby *v.* Snowden, 3 Camp. 475; Wood *v.* Roberts, 2 Starkie 417; Hind *v.* Holdship, 2 Watts 104; Mercer *v.* Lancaster, 5 Barr 160; Klett *v.* Claridge, *et al.,* 7 Casey 106; Reed *v.* Martin, 5 Casey 179, as to the question of consideration in such cases.

*C. Guillou,* for defendant in error.—The cases cited by plaintiff are not in point; those in 3 Campbell 475 and 2 Starkie 417, recognise the validity of contracts for compounding debts when entered into by a number of creditors, and are exceptions to the case of Cumber *v.* Wane, 1 Strange 425. In Mercer *v.* Lancaster, a note was given to relieve Lancaster for notes advanced by him. Reed *v.* Martin was, like this, the case of an unexecuted agreement, and is against plaintiff in error.

Where the agreement is to pay or deliver a less sum in discharge of a greater, there is no extinguishment of the debt, unless the contract is fully executed and accepted: Spruneberger *v.* Dentler, 4 Watts 126; Rising *v.* Patterson, 5 Wh. 316; 1 Sm. Lead. Cases 439.

The opinion of the court was delivered, January 28th 1861, by

WOODWARD, J.—Accord and satisfaction is a good plea by a debtor to the action of his creditor, but the legal notion of accord is a new agreement on a new consideration to discharge the debtor. And it is not enough that there be a clear agreement or accord, and a sufficient consideration, but the accord must be executed. The plea must allege that the matter was *accepted* in satisfaction. Mere readiness to perform the accord, or a tender of performance, or even a part performance and readiness to perform the rest, will not do. Such is the law between debtor and creditor.

The exception to these rules, is where a number of creditors

[Hearn *v.* Kiehl.]

agree to accept of a common debtor a composition amounting to less than their entire demand. Such agreements are binding, the consideration for the contract of each creditor being found in the agreement of the other creditors. See the authorities collected in note to 1 Smith's Leading Cases 443–446, and in Spruneberger *v.* Dentler, 4 Watts 126, and Rising *v.* Patterson, 5 Wh. 316.

The only consideration discernible in the agreement alleged in the affidavit of defence in this case, is time. The sum stipulated to be paid in satisfaction of the debt, was to be paid a little sooner than the whole debt would fall due, and that was the consideration for the plaintiff's promise. There was no other. Granting the sufficiency of this consideration, there was no execution of the accord. There was not even a tender to the plaintiff, but only to his counsel. There was no acceptance by either the plaintiff or his counsel. There was therefore no satisfaction and so no defence, set forth in the affidavit.

Judgment affirmed.