# Saeger, to use of Schantz, *v.* Runk, Appellant.

*Practice—Parties—Legal plaintiff—Immunity from costs—Unauthorized use of name not matter of defence.*

The unauthorized use of the name of a legal plaintiff cannot be taken advantage of by defendant as a defence to the action where the legal plaintiff has not objected to the use of his name and has made no application to the court below to prevent its unauthorized use.

The legal plaintiff would have a right to demand immunity from costs, but where he makes no complaint in this respect, the court will presume that he is satisfied.

*Married women—Promissory note—Release—Interest on dower charge.*

Where a defendant repudiates a note which she has given as a consideration for a release, on the ground that she is a married woman and therefore not liable, she destroys the consideration upon which the release was given, and recovery may be had against her upon the original debt, interest on dower charge, to which coverture was not a bar.

Argued Feb. 3, 1892. Appeal, No. 157, July T., 1891, by defendant, Sarah L. Runk, from judgment of C. P. Lehigh Co., Nov. T., 1890, No. 60, on verdict for plaintiff, Henry J. Saeger, executor, etc., to use of Frank J. F. Schantz, administrator, etc. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover interest due upon dower charged upon land.

On the trial before ALBRIGHT, P. J., the evidence was to the following effect:

Charles Saeger died, leaving to survive him a widow, Eliza Saeger, and three children, Henry J. Saeger, Cordelia S. Schantz, and defendant. In partition of his real estate, defendant accepted a certain lot, upon which was charged a dower interest. Eliza Saeger died in 1882, leaving a will by which she left her residuary estate to Henry J. Saeger and Cordelia S. Schantz, and named them as her executors. On June 21, 1884, all the parties in interest met, and a settlement was made with Saeger and Mrs. Schantz for their share of the dower interest, and a release was given to them containing this provision : " Provided, that nothing herein contained shall in any manner affect the claim of the executors of said Eliza Saeger for any arrears of interest unpaid to her on said $1,333.33⅓ at the time of her

death, until this release shall have been signed by said executors in their representative capacity and separately acknowledged as such; after which it shall be as effectual for the discharge of said arrears of interest due at the death of said Eliza Saeger as for any other purpose." Defendant then paid part of this interest in cash, and gave for the balance notes to her brother and sister in their individual names, whereupon they executed and acknowledged the release as executors. The note given to Cordelia S. Schantz was for $277.11, and it was for this amount that this action was brought. Defendant relied upon the release, whereupon plaintiff, in rebuttal, put in evidence a portion of the affidavit of defence, as follows:

" 1. If this suit is brought to recover upon the promissory note of June 2, 1884, a copy of which is set forth in plaintiff's statement, it cannot be maintained, for the reason that at the time of the giving of said note by this deponent she was a married woman, and because of coverture the said note was absolutely void."

Henry J. Saeger testified that he did not bring this suit, had no connection with it, and that his mother's estate had been entirely settled, and would take nothing by this suit.

The court charged, inter alia, as follows:

" Therefore, gentlemen of the jury, if you find as a fact, and it does not seem to be disputed here, though it is referred to you, that part of the consideration for the giving of the release was the giving of the note by Mrs. Runk to Mrs. Schantz for $277.11, and that that note was afterwards repudiated by Mrs. Runk because she was a married woman at the time she gave it, then you may say that the plaintiff here, the executor of Eliza Saeger, may recover what is unpaid upon the dower interest, and which is claimed here.

" The release submitted in evidence is a complete answer to the plaintiff's claim, unless it is overcome by evidence of the plaintiff as indicated to you. If it is not overcome, your verdict will be for the defendant; but if you find that the note sued on here was part of the consideration for the release, you may find for the plaintiff for the amount of the note and interest, provided you find that that much of the dower interest was unpaid."

Defendant's points were as follows:

" (1.) Under all the evidence the verdict must be for the defendant.   A. This point is answered in the negative. [1]

" (2.) Henry J. Saeger, the defendant executor, having testified that he did not institute this suit, and is not carrying it on, and that his sister, Mrs. Schantz, in pursuance of an understanding between them, accepted the said note in her own name, this will not entitle the plaintiff to recover.   A. This point is negatived. [2]

" (3.) The release of May 26, 1884, is conclusive in this case. It has not been attacked for fraud, accident or mistake, and there is no evidence to overcome it.   A. This point is negatived." [3]

Verdict for plaintiff, $392.02 and judgment thereon.   Defendant appealed.

*Errors assigned* were (1–3) answers to defendant's points, quoting the points and the answers.

*Edward Harvey*, for appellant.

*C. J. Erdman*, for appellee.

PER CURIAM, March 28, 1892 :

We do not think the fact that this suit was instituted in the name of Henry J. Saeger, the surviving executor of Eliza Saeger, deceased, without his authority, is important.   He does not object to the use of his name, and has made no application to the court below to prevent its unauthorized use.   He would have a right to demand immunity from costs, but as he has made no complaint in this respect, we must presume he is satisfied.   The suit was properly brought for the recovery of this portion of the dower interest.

Nor do we think the release a bar to the action.   When the defendant deliberately repudiated the note which she had given as a consideration for the release, on the ground that she was a married woman, and therefore not liable, she destroyed the consideration upon which the release was given.   A further discussion of the case is unnecessary.

Judgment affirmed.