# Schwartzfager *v.* Pittsburgh, Harmony, Butler and New Castle Railway Company, Appellant.

*Negligence—Release of damages—Personal injuries—Accord and satisfaction—Partial performance.*

1. Where a railway company takes a general release from a person injured by its negligence under an agreement to pay to the injured person a sum of money, and all his hospital and doctor's bills and wages until he is able to work again, and the company pays the sum of money, the hospital and doctor's bill, but refuses to pay the wages, which is the most important part of the consideration for the release, the person injured may rescind the release and sue the company in trespass on his original cause of action. Laughead v. Coke Co., 209 Pa. 368, distinguished.

2. A mere accord which is not followed by execution and satisfaction is, as a general rule, no bar to an action on the original obligation. This rule, however, presupposes that the agreement of the creditor is to accept the performance of the debtor's promise or agreement, and not the promise or agreement itself.

3. An unexecuted agreement to pay to plaintiff a sum certain in satisfaction of a pending suit and an agreement by plaintiff to receive the same and release the defendant is not sufficient in law to defeat a recovery.

Argued October 15, 1912. Appeal, No. 186, Oct. T., 1912, by defendant, from judgment of C. P. Lawrence Co., Dec. T., 1910, No. 93, on verdict for plaintiff in case of Ralph Schwartzfager v. Pittsburgh, Harmony, Butler and New Castle Railway Company. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PORTER, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

["The contract then being legal and being in writing, after he had ratified it by making his demand, it becomes a question then as to whether or not there was a repudiation of the contract on the part of the defendant company—whether or not there was such conduct on the part of the defendant company as would justify the plaintiff, even after he had made the contract and binding then by his affirmation or ratification of it, in repudiating his contract. And upon that point, gentlemen, we say to you that if you find in the case that the defendant company neglected and refused to pay the wages according to the terms of the contract, then the plaintiff would be justified in repudiating the contract. And, if he repudiated the contract and gave notice to the defendant company of his repudiation of it, because of their neglect, failure or refusal to comply with the terms of it, he would be justified in so doing— he would have a legal right then to proceed as if the contract had not been made, providing he proposed, offered and tendered to the defendant company such moneys as already had been paid to him; and further,

proposed and offered to tender money for all expenses the company had already expended under that contract by his affirmation of it."] (1)

Defendant presented this point:

Under all the evidence the verdict must be for the defendant.

Answer. Refused. (2)

Plaintiff presented these points:

7. If the jury believe that, when the plaintiff on the morning after his injury, to-wit: Feb. 21, 1910, at the hospital, either from the effect of medicine administered to him or pain and suffering from his injuries did not know and understand the nature and contents of the agreement, or release signed by him, he would not be bound thereby, and would have the right, within a reasonable time after learning of its existence and what it contained, to disavow and repudiate it.

Answer. Affirmed. (3)

10. The defendant not having paid to plaintiff wages, nor offered to pay the same, but on the contrary neglected to pay the plaintiff in compliance with the agreement of Feb. 21, 1910, plaintiff had a right to treat the contract as ended and to repudiate it and to disaffirm the same by tendering back to the defendant the money received by virtue of its execution, together with the offer of the plaintiff to pay to the defendant any money expended on his account when the amount thereof was made known to him.

Answer. Affirmed. (4)

Verdict and judgment for plaintiff for $5,000 Defendant appealed.

*Errors assigned* were (1-4) above instructions quoting them.

*J. Norman Martin,* for appellant.—The plaintiff did not and could not rescind the contract or release. He had received money on it, and had acted under it: Hil-

liard v. Wood Carving Co., 173 Pa. 1; Morgan v. Mc-
Kee, 77 Pa. 228; Gibson v. R. R. Co., 164 Pa. 142.

The release was a complete bar to plaintiff's right of
action, and it was not necessary to consider the evidence
of negligence: Ringle v. R. R. Co., 164 Pa. 529; Hill v.
R. R. Co., 178 Pa. 223; Bruns v. Union Traction Co.,
185 Pa. 533.

The court should not have permitted the jury to touch
the release: Seeley v. Citizens Traction Co., 179 Pa.
334; Hicks v. Harbison-Walker Co., 212 Pa. 437; Woj-
ciecahowski v. Sugar Refining Co., 177 Pa. 57.

*Chas. E. Mehard,* with him *A. W. Gardner,* for ap-
pellee.—The plaintiff in this case did the very thing
that is declared in the opinion of Gibson v. Railroad
Co., 164 Pa. 142, and later cases following it, viz, Mc-
Caw v. Union Traction Co., 205 Pa. 271, and Laird
v. Union Traction Co., 208 Pa. 574, should be done
to constitute a valid rescission, to-wit, by offering and
tendering to the defendant all money received from it,
and offering to pay all hospital and doctor bills when
rendered a statement thereof.

Where one party to a contract under seal refuses
without right to perform his part, the other party may
elect to sue on the contract, or rescind the contract and
sue in assumpsit to recover back money paid under the
contract for which he received no substantial benefit:
Am. Life Ins. Co. v. McAden, 109 Pa. 399; Hocking v.
Hamilton, 158 Pa. 107; Fowler v. Meadow Brook Water
Co., 208 Pa. 473; Kerns v. Insurance Co., 11 Pa. Su-
perior Court 209.

OPINION BY MR. JUSTICE POTTER, January 6, 1913:

The plaintiff brought this suit to recover damages for
injuries alleged to have resulted from the negligence of
the defendant company, in the operation of its cars.
Liability was not denied, but the defendant set up as a
defense, a settlement with the plaintiff and a release of

all damages. It appears from the evidence that on Feb. 21, 1910, the day after the accident, the plaintiff while in the New Castle Hospital, was visited by W. A. Goehring, vice president of the defendant company, at whose solicitation he signed a release, which reads as follows:

"New Castle, Pa., February 21, 1910.

"Received from Pittsburgh, Harmony, Butler & New Castle Railway Company, Forty Dollars in full payment of all claims, demands and rights of action against said company, all of which are hereby waived, satisfied and released including, not by way of limitation but specifically, all of such sustained by me or growing out of an accident which occurred on the 20th day of February, 1910, at New Castle, Pa. Also, pay all hospital and doctors bills and wages until he recovers able to work—to do day's work at his trade.

R. Schwartzfager (Seal.)"

When the release was signed, Mr. Goehring paid plaintiff the sum of ninety dollars. Subsequently the company paid his hospital expenses and doctors bills. At the trial plaintiff took the ground that the release was not binding, alleging in the first place that he was not mentally capable of making a contract when it was executed; and in the second place that the company had failed to perform its promise to pay him wages, until he recovered sufficiently to be able to work, and for that reason he had rescinded the contract. The trial judge held the first reason to be unavailable, because by his own admission, plaintiff ratified the contract by insisting that the company should comply with it. Upon the second ground the evidence was held to be sufficient to take the case to the jury, and it was submitted to them to determine as a fact, whether the defendant had neglected and refused to pay the wages in accordance with the agreement. The jury were instructed that if such was the case, the plaintiff was justified in repudiating the contract. The uncontradicted testimony of the plaintiff was that on three separate occa-

sions, twice in the month of May, 1910, and once in June, he saw Mr. Goehring, the representative of the company, and demanded payment of the wages. None were paid.

On November 22, 1910, before suit was brought, plaintiff gave written notice to Mr. Goehring that he had rescinded the contract, and tendered to him the $90 which was paid when it was executed, and requested a statement of the amount of the bills paid to the hospital, and to the doctors on his account by the company. The jury returned a verdict in favor of the plaintiff for the sum of $5,000. A motion for judgment in favor of the defendant non obstante veredicto was refused, and judgment was entered on the verdict. Defendant has appealed.

The only question raised by the assignments of error is whether defendant was entitled to binding instructions in its favor. The liability of the defendant company for a breach of the contract is not seriously questioned; the real point for determination being whether there was such a failure of the consideration for the release as to justify the plaintiff in disregarding it, and bringing his suit upon the original cause of action. As we understand the contention of counsel for appellant, it is that the plaintiff is entitled to bring suit only for the amount of the unpaid wages due under the contract. A case closely analogous in principle to that which is here presented was that of Saeger v. Runk, 148 Pa. 77. There, as in the present instance, there was a release founded upon a consideration paid partly in cash, and consisting as to the remainder, in a promise to pay which was not performed. In that case the owners of the principal of a dower interest charged on real estate, released it to the owner of the land, who was a married woman, and who paid part of the consideration in cash and gave her notes for the balance. She afterwards attempted to repudiate her liability on the notes, on the ground of coverture. The release contained the follow-

ing clause: "After which (the signing of the release) it shall be as effectual for the discharge of such arrears of interest due at the death of said Eliza Saeger as for any other purpose." Upon the trial the defendant submitted a point to the effect that as there was no fraud, accident or mistake, the release was a bar to the action. The point was refused and the jury found a verdict for the amount of the notes, being the amount of the dower interest which was in arrears. It will be noted that the consideration failed not wholly but in part. The judgment was affirmed by this court, on the ground that the consideration of the release having failed, plaintiff could recover on the original application. In the case now before us a small amount of the consideration was paid in cash, but there was an entire lack of performance of the principal part of the consideration for the agreement, which was the payment of wages during the period of disability.

The governing principle here involved is thus broadly stated in 1 Cyc. 315: "Accord and part performance do not constitute a satisfaction. It is merely executory so long as by its terms something remains to be done in the future." And again, on page 336: "A mere accord which is not followed by execution and satisfaction is, as a general rule, no bar to an action on the original obligation. This rule, however, presupposes that the agreement of the creditor is to accept the performance of the debtor's promise or agreement, and not the promise or agreement itself." The circumstances of this case indicate, we think, that the plaintiff looked chiefly to the performance of the agreement to pay him wages; that it was this which he agreed to accept in satisfaction of the preexisting obligation. The agreement fairly construed, must be regarded as requiring performance of the promise. In Reed v. Martin, 29 Pa. 179, it was held, as stated in the syllabus, that "An unexecuted agreement to pay to plaintiff a sum certain in satisfaction of a pending suit, and an agreement by plaintiff

to receive the same and release the defendant, is not sufficient in law to defeat a recovery." In Hearn v. Kiehl, 38 Pa. 147, Mr. Justice WOODWARD said (p. 149) : "It is not enough that there be a clear agreement or accord, and a sufficient consideration, but the accord must be executed." This language was quoted with approval by Mr. Justice STERRETT in Hosler v. Hursh, 151 Pa. 415. In further discussing the question he says (p. 422) : "There is an obvious distinction between an engagement to accept a promise in satisfaction, and an agreement requiring performance of the promise. If the promise itself, and not its performance, is accepted in satisfaction, this is a good accord and satisfaction without performance. The agreement relied on in this case will not bear that construction.......The agreement was not to accept defendants' promise in lieu of the notes, but the specified sums in cash and approved securities. It contemplated the performance of the promise, and was therefore executory." In like manner the agreement in the present case cannot be fairly construed to be an acceptance of the defendant's promise to pay wages in lieu of the then existing obligation of the company to make good the damages caused by its negligence, but it must, we think, be regarded as contemplating the payment of wages for the specified time, that is, until plaintiff should recover his ability to work at his trade. The agreement thus construed was executory.

In reaching this conclusion we have not overlooked the decision in Laughead v. Coke Co., 209 Pa. 368. In that case it appeared that the plaintiff agreed to settle his claim for a definite sum of money, and the promise of employment, to commence when a vacancy in a certain position should occur. It did not appear that the contingency upon which the vacancy was to arise had occurred at the time of the suit, and there was therefore no breach of the contract in that respect. It was held upon the facts there shown, that the accord and

satisfaction were complete. Plaintiff was not allowed to recover upon his original contract. Under the strict letter of the terms of the agreement, there was no default, and it was held that the receipts for the settlement of the unliquidated damages could not be avoided, except on the ground of fraud, accident or mistake. The facts of that case differ materially from those now before us. In our view, the part performance of the agreement in this case did not constitute a satisfaction. The agreement was executory, because, under it, something remained to be done in the future—the payment of wages, and in this particular the agreement was never carried out. Part performance did not constitute satisfaction, and the preexisting obligation was not discharged.

The assignments of error are overruled, and the judgment is affirmed.