## Headley's Express and Storage Company *v.* Shapiro, Appellant.

Argued November 21, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*John E. McDonough,* for appellant.—The contract to pay expenses for the seizure of a truck carrying intoxicating liquor was illegal, although the expressman was ignorant of the character of the goods transported: Rosenthal v. Ostrow, 287 Pa. 87; Kuhn v. Buhl, 251 Pa. 348.

*J. DeHaven Ledward,* for appellee, cited: Swope v. Fire Ins. Co., 93 Pa. 251; N. Y. & P. Co. v. Cunard, 286 Pa. 72; Mosley v. Massiah, 89 Pa. Superior Ct. 463.

OPINION BY LINN, J., March 1, 1929:

The statement of claim is not printed; we have only an amendment to it apparently raising the issue tried; briefly, it averred that Shapiro, the defendant, requested plaintiff to make the payments in question and that defendant would reimburse plaintiff. The items of expense, not disputed and allowed, were for costs and expenses paid in entering bail for the truck driver and his helper, lawyer's fees, truck hire for the trip, and expenses in the effort to recover the truck; the verdict establishes the agreement to pay them.

Defendant offered no evidence at the trial and now appeals on two grounds: (1) that the contract is illegal, (2) that the statute of frauds prevents recovery on the oral promise. Only one witness testified to the contract and to performance. From the evidence,

(while not as definite on the whole case as might be desired, which is nevertheless sufficient), the jury may have found the following facts. Plaintiff was engaged, inter alia, in letting trucks for hire, and had previously let trucks to defendant. He hired a truck with a driver and helper to take a load of empty bottles from his establishment in Chester to a consignee in Philadelphia, and to return to Chester with a load of near-beer, obtained from that consignee. On the return trip the truck, the driver and the helper were arrested for transporting intoxicating liquor contrary to the prohibition act of March 27, 1923, P. L. 34. Neither plaintiff nor his employees knew that the load was unlawful. In the efforts to obtain the release of the men and the truck, the sums in suit were expended, and these, defendant agreed to pay to plaintiff.

Was the promise to reimburse plaintiff illegal? Appellant says that, as the truck was unlawfully used, public policy prevents enforcement of his agreement to reimburse plaintiff.

Appellant hired the truck to carry a lawful load from Chester to Philadelphia and a lawful load from Philadelphia to Chester. But appellant violated that contract by putting the hired truck to unlawful use, concerning which the verdict establishes that plaintiff was innocent. Defendant's, like any other breach of a lawful contract, subjects him to the payment of plaintiff's damages. The use by another of an innocent owner's truck for an unlawful purpose does not prevent his pursuit of his rights as appellant contends: on the contrary, the act provides procedure to get back his truck: section 11, (D) (VI) P. L. 42.

Defendant's promise did not promote any illegal act by plaintiff, nor was he indemnifying plaintiff for such an act; they were not confederates in violating the law; see Brewing Co. v. Bennett, 60 Pa. Superior Ct. 543, 545. The leading case on the subject is Arm-

strong v. Toler, 11 Wheat. 258, 270, in which MAR-SHALL, C. J., says: "The same principle, diversified in form, is illustrated by another example. If A. should become answerable for expenses on account of a prosecution for the illegal importation, or should advance money to B. to enable him to pay those expenses, these acts, the court thought, would constitute a new contract, the consideration of which would be sufficient to maintain an action. It cannot be questioned that, however strongly the laws may denounce the crime of importing goods from the enemy in time of war, the act of defending a prosecution instituted in consequence of such illegal importation is perfectly lawful. Money advanced, then, by a friend in such a case, is advanced for a lawful purpose, and a promise to repay it is made on a lawful consideration. The criminal importation constitutes no part of this consideration." See also Williston, Contracts Vol. 3, section 1752.

The sums expended for bonds and costs in obtaining the release of the truck drivers are in the same class of obligation; they were hired with the truck to operate it. The plaintiff was not bound to obtain their release; defendant's conduct led to the violation of the statute and their arrest; he could, if he wished, pay those expenses to obtain their release on bail; he could agree with another to make the payment for him and agree to reimburse. The record does not present a case in which plaintiff stands on an illegal contract as the basis of recovery, or one in which illegality necessarily appears: N. Y. & P. v. Cunard, 286 Pa. 72, 81.

From what has been stated it is obvious that as Shapiro promised to pay his own debt not that of another, the statute of frauds is not involved: Mosely v. Massiah, 89 Pa. Superior Ct. 463, 465.

Judgment affirmed.