## Konqueror Building & Loan Association, Appellant, v. G. R. Kinney Co., Inc.

Argued April 17, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Samuel B. Brenner,* of *Brenner & Brenner,* for appellant.

*Edward Davis,* for appellee, was not heard.

PER CURIAM, May 21, 1934:

Plaintiff, owner of property at 5947 Market Street, Philadelphia, brought suit in assumpsit to recover the sum of $3,000 which defendant had offered to pay for cancellation of its lease as tenant of the property indicated above, payment to be made within seventy-two hours after acceptance. The offer was accepted by plaintiff and an arrangement made to complete the transaction in the City of New York on the following day. At the time appointed for the meeting, however, defendant receded from the contract and refused to pay the $3,000. The court below entered judgment for defendant upon its affidavit of defense in lieu of demurrer raising questions of law. Plaintiff appeals.

Appellant contends the agreement to terminate the lease operates as an accord and satisfaction in which the new promise constitutes a satisfaction of the original obligation. This argument implies that the lease was extinguished and that an action will lie to enforce the

contract made in its stead. The facts, however, do not sustain this contention. Not only does the statement of claim admit that defendant continues to occupy the premises as lessee under the original lease, the term of which expires in 1940, but it also avers in the twelfth paragraph that, subsequent to defendant's breach of the alleged accord and satisfaction, plaintiff attempted to renew negotiations for assignment of the lease to the Provident Title Company, which holds a first mortgage on the premises. The pleadings accordingly show that appellant considered the lease valid and subsisting.

Payment and acceptance of the sum agreed upon were essential to termination of the lease. This is not a case where a promise to perform is a satisfaction of the agreement, as in Laughead v. Frick Coal Co., 209 Pa. 368, and Meaker Galv. Co. v. McInnes & Co., 272 Pa. 561, consequently those cases do not rule the present controversy. "Until satisfaction, an accord is revocable at the pleasure of either party. An unexecuted accord is not enforceable by action; and, inasmuch as there is no satisfaction of the original obligation, it remains in force and the creditor has his remedy by action to enforce it": 1 C. J. 533, section 23. The court below correctly held the agreement between the parties was an executory contract of accord and satisfaction, but satisfaction not having been made, and defendant having withdrawn, the agreement is unenforceable and the rights of each party remain as before: Hearn v. Kiehl, 38 Pa. 147; Schwartzfager v. Pgh., etc., Ry. Co., 238 Pa. 158.

The judgment is affirmed.