## Merchants National Bank of Allentown v. Fidelity Mutual Life Ins. Co.

*Frederick N. Nabhan*, of *Nabhan & Nabhan*, for plaintiff.

*Richard F. Stevens*, of *Butz, Hudders & Tallman*, for defendant.

WIEAND, *J.*, October 29, 1974—Without regard for procedural regularity, the parties to this action in assumpsit have requested the court to determine preliminarily the validity of the defense pleaded as new matter in defendant's answer. The vehicle chosen to obtain such a determination is plaintiff's "Motion for Partial Summary Judgment re: Defendant's New Matter." In order to induce the court to act on such motion, the parties have submitted an agreed statement of facts. It is only because there is agreement as to the facts and because both parties have consented to this procedure

that we undertake at this time to decide plaintiff's motion. At issue is the validity of the alleged defense that plaintiff's claim is barred by a prior agreement of settlement. The agreed facts are as follows.

On July 15, 1970, Dr. Robert Weldon, an osteopathic physician, made application to defendant, Fidelity Mutual Life Insurance Company, for life insurance in the amount of $90,000. The premium was paid and a policy was delivered to Dr. Weldon on or about September 25, 1970. On October 26, 1970, Dr. Weldon died. The Merchants National Bank of Allentown, being the beneficiary named in the policy, made demand for payment of the proceeds, but the insurance company denied the claim. The parties' stipulation does not recite the precise reason for the insurer's denial of liability but suggests, instead, that "there was a controversy between the Plaintiff and the Defendant as to whether or not there was money due and owing . . ." When the controversy was not resolved, the beneficiary commenced this action of assumpsit by the issuance of a summons.

Thereafter, negotiations between counsel continued. On July 13, 1972, defendant's attorney said to plaintiff's counsel, "We are willing to pay $70,000.00 to settle this entire case." Plaintiff's counsel conferred with his client and later the same day told defense counsel that his client "had accepted and approved the settlement in the sum of $70,000.00." Still later on the same day, however, plaintiff's attorney notified defense counsel that his client was not willing to be bound by the earlier discussions and would refuse to accept $70,000 in settlement of its claim. On the following day, July

14, 1972, defendant's attorney attempted to deliver a check for $70,000, but the check was refused by counsel for plaintiff.

Whether there was a binding agreement of compromise between the parties or merely an executory accord which could be revoked at any time before satisfaction must depend on the intent of the parties: 1 P.L. Encyc., Accords and Compromises, §59, §10; Couch on Insurance (2d), §59:62. "If the parties contemplated that the promise itself and not its performance was to be accepted in satisfaction of the obligation, there is a binding compromise. If, however, the parties contemplated that the performance of the promise rather than the promise alone was to be accepted in satisfaction of the obligation an accord without satisfaction results:" Koch, *P.J.*, in Commonwealth v. Grim, 31 Lehigh 134, 136. See also: Schwartzfager v. Pittsburgh, Harmony, Butler and New Castle Railway Company, 238 Pa. 158, 165; Hosler v. Hursh, 151 Pa. 415, 422, 423. "Until satisfaction, an accord is revocable at the pleasure of either party. An unexecuted accord is not enforceable by action; and, inasmuch as there is no satisfaction of the original obligation, it remains in force and the creditor has his remedy by action to enforce it:": Nash v. Atlantic White Tower System, Inc., 404 Pa. 83, 90. See also: Konqueror Building & Loan Assn. v. G. R. Kinney Co., Inc., 315 Pa. 318.

In the instant case, the words exchanged by counsel for the parties cannot fairly be construed to mean that plaintiff had accepted the insurer's oral promise to pay a sum of money in lieu of its obligation under the policy of life insurance. It wasn't another promise which the parties contemplated. It

was payment which the insurer proposed, and it was payment which plaintiff was willing to accept. This intention was confirmed by insurer's attempt to deliver a check on the following day. Until payment was made and accepted, the accord reached by the parties was unexecuted and the policy obligations were not satisfied or otherwise discharged. Prior to payment, the accord could be revoked by either party.

There remains to be determined the nature of the order which should be entered. It is obvious that even though we have adopted plaintiff's argument, a partial judgment cannot be entered in this action. However, we can limit the issues which are to be submitted for determination by a jury at the time of trial: Pa. R.C.P. 1035(c). The pleadings in the instant action reveal that the only issue remaining to be determined is whether the insured fraudulently concealed from defendant insurer the true condition of his health.

## ORDER

Now, October 29, 1974, for the reasons set forth in the foregoing opinion, the matters alleged in the new matter contained in defendant's answer are eliminated as an issue to be decided upon a trial of the cause, and said trial shall be limited to a determination of whether the policy of insurance issued by defendant and delivered to insured during his lifetime effected a valid contract of life insurance.