GIBBONS, Circuit Judge,
dissenting:
I join in the results announced in all parts of the opinion of the court except Part II C. I do not believe that the Pennsylvania Supreme Court would, at the expense of the plaintiff, allow one joint tortfeasor to escape the risk of another joint tortfeasor’s insolvency.
Pennsylvania law provides plaintiffs with two options in the event of default by a settling defendant: they may either sue to enforce the settlement agreement, or sue on the underlying cause of action. Zager v. Gubernick, 205 Pa.Super. 168, 173-74, 208 A.2d 45, 49 (1965); Lucas v. Gibson, 341 Pa. 427, 431, 19 A.2d 395, 397 (1941); Schwartzfager v. Pittsburgh H., B., & N.C. Ry., 238 Pa. 158, 85 A. 1115 (1913). The opinion of the court acknowledges this rule, but holds that it is inapplicable where the default occurs because a bankruptcy intervened.
Nothing in the Bankruptcy Code provides that the victim is deprived of the option to disregard a default and rely upon the underlying cause of action. Certainly nothing in the Bankruptcy Code provides that it inures to the benefit of non-bankrupt joint tortfeasors. Had Unarco’s bankruptcy occurred prior to the settlement the Roccos would have been entitled to proceed against and recover in full from the remaining joint tortfeasors. Had a judgment been entered against Unareo prior to its bankruptcy petition, the risk that Unareo would not contribute its share would have fallen on the other joint tortfeasors, not on the victim. Where, under Pennsylvania law the victim has an unquestioned option to disregard a settlement which has been defaulted upon, and to sue on the underlying tort, the rule should be that the risk of default rests on the other joint tortfeasors.
I am confident that the Pennsylvania Supreme Court would so hold, for no other result is consistent with the equities of the situation. Unarco’s default on the settlement agreement does not unduly prejudice the nonsettling defendants. That default simply takes the settlement outside the purview of the Pennsylvania Joint Tortfeasors Act, because under Pennsylvania law the settlement is voidable at the victim’s option. Thus the nonsettling defendants still have a cause of action against Unareo for contribution. To some extent that cause of action is illusory because of the automatic stay provisions of the Bankruptcy Code. Pennsylvania law provides, however, that a joint tortfeasor is liable for the entire verdict, without regard to his ability to collect contribution from other joint tortfeasors.
Perhaps Congress could, under its bankruptcy clause powers, preempt Pennsylvania law by depriving plaintiffs who have settled with parties that later file for bankruptcy of the option which Pennsylvania law affords. Neither the parties nor the majority point to any federal law to that effect. Certainly 11 U.S.C. § 365 (1982), to which the majority refers, has nothing to do with this case. It gives the trustee an *120 option to affirm or reject executory contracts. It does not, however, enlarge the contract rights of the debtor under state law. If the non-bankrupt party to a contract has, under state law, a right to rescind, that right is unaffected by section 365. Indeed section 365(b)(1) provides explicitly that “[i]f there has been a default in an executory contract ... the trustee may not assume such contract ... unless ... the trustee — (A) cures ... such default; (B) compensates ... for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract____” The joint tortfeasors do not suggest that the conditions specified in section 365 have been satisfied. So far as this record discloses, Unarco’s trustee in bankruptcy could not affirm the executory settlement agreement. Thus nothing in the Bankruptcy Code supports the majority’s holding that Pennsylvania law, which allows the victim to avoid the settlement agreement and sue on the underlying cause of action, is preempted by federal bankruptcy law.
I would hold, therefore, that the Roccos’ claims should not have been reduced by the amount of the unpaid stated consideration in a release, which is voidable under Pennsylvania law despite Unarco’s bankruptcy.