## Graham v. Parkside Realty, Inc.

*Nancy T. Schneiderman,* for plaintiffs.
*Holly B. Conway,* for defendants.

THOMSON, *J.,* May 21, 1993—This case arises out of the plaintiffs', Robert Graham and Linda Graham, petition to enforce settlement agreement and to enter

judgment on the record against the defendants, Parkside Realty, Inc. and Parkside Realty Construction, Inc.

We held a hearing in this matter on April 19, 1993, before which we received legal memoranda from both sides. Having received and reviewed these, we render the following opinion:

On, or about, August 20, 1990, the parties entered into the final settlement agreement which provided a settlement to claims of the pending civil suit between the parties.

The defendants, however, failed to perform under the terms of the settlement agreement. The plaintiffs then filed a petition to enforce the settlement agreement. The plaintiffs did not pursue this action on the grounds that the parties entered into a second settlement agreement on July 26, 1991. The defendants did perform under this agreement, however, that performance was short-lived. The plaintiffs now seek enforcement of the second settlement agreement.

The issue which is in dispute is whether a duly negotiated and executed settlement agreement, entered into in order to settle a lawsuit, but which was not approved by the court, may be enforced by the non-breaching party.

The enforceability of a settlement agreement is determined according to the principles of contract law. *Century Inn, Inc. v. Century Inn Realty, Inc.,* 358 Pa. Super. 53, 58, 516 A.2d 765, 767 (1986).

"A valid compromise and settlement is final, conclusive, and binding upon the parties ... It is as binding as any contract the parties could make, and as binding as if its terms were embodied in judgment; and, regardless of what the actual merits of the antecedent claim may have been, they will not afterward be inquired

into and examined." 15A Am.Jur.2d Compromise and Settlement §25.

In this case, both parties agreed to the terms and conditions of the settlement agreement and, therefore, this court will enforce the agreement. *Id.* citing *Kazanjian v. New England Petroleum Corporation,* 332 Pa. Super. 1, 480 A.2d 1153 (1984); *Zager v. Gubernick,* 205 Pa. Super. 168, 208 A.2d 45 (1965). See also, *Woodbridge v. Hall,* 366 Pa. 46, 48, 76 A.2d 205, 206 (1950).

The defendants believe that because the settlement agreement was not approved by the court, it cannot be enforced.

It is well-known that the policy of the court system is to encourage voluntary settlements. *Doyle v. Stanley Works,* 60 F.R.D. 132, 134 *aff.* 492 F.2d 1238 (D.C. Pa. 1973) citing cases therein. This agreement which was to settle a lawsuit, *voluntarily entered into,* is binding upon the parties, *whether or not made in the presence of the court. Id.* (citing cases therein) (emphasis added)

The defendants, by having breached not only this settlement agreement but the previous one, entitles the plaintiffs to enforce either agreement. *Nowicki Construction Company Inc. v. Panar Corp., N.V.,* 342 Pa. Super. 8, 15-16, 492 A.2d 36, 40 (1985) citing *Zager v. Gubernick,* 205 Pa. Super. 168, 173-74, 208 A.2d 45, 49 (1965) Restatement (Second) of Contracts §281 (1979).

Finally, the defendants believe that the plaintiffs may not petition this court to enforce the settlement agreement. They state that plaintiffs must sue the defendants for breach of the agreement. We do not agree. As pointed out in the plaintiffs' brief, our Supreme Court, faced with an analogous matter, held that an oral settlement entered into by the parties which discontinued a lawsuit,

could be enforced by petition. *Woodbridge v. Hall, supra* at 48, 76 A.2d at 206.

ORDER

And now, May 21, 1993, the defendants are directed to comply with the settlement agreement dated July 26, 1991; and specifically ordering defendants to pay the following:

(a) Directing the defendants to pay the unpaid balance remaining due of the agreed upon sale price of $25,000 as per the settlement agreement.

(b) Directing the defendants to pay the 1991 and 1992 taxes on the said premises, and the 1991 and 1992 association dues, in the total amount of $2,089.10.

(c) Directing the defendants to reimburse the plaintiffs for the cost of upgrading and maintaining the septic permit.